## Commonwealth *versus* Reiter *et al.*

1. An indictment set out an Act of Assembly—of April 17th 1869—to lay out a state road; averred that it was laid out through Cascade township; that all the requirements of the act had been complied with, and that the supervisors of that township had neglected to open it. *Held*, that the supervisors were liable on the indictment.

2. The 4th sect. of the act provided, after the report, &c., were filed, the road should be a "public highway," and upon notice it should be opened, &c., as other public roads. The 5th sect. required the supervisors, upon the request of a person interested, "who may offer to advance money," to open "any certain portion" of the road, to take his obligation for the sum and let out the opening to the lowest bidder, and on refusal the supervisors should be liable to the penalties "now imposed" for refusing to open roads. *Held*, on demurrer, that the supervisors, on notice under the 4th section, were bound to open the road, without such advance, and expend the general funds of the township for the purpose.

3. The obligation on the supervisors, under the 5th section, is to open "any certain portion" of the road on request of one interested who will advance the money.

4. A supplement was enacted, which dispensed with some requirements of the act and imposed duties not in it. The indictment was for neglect of duty after the supplement under its modifications. *Held*, that the supplement was valid and the supervisors were liable under it.

5. The notice need not be in writing; and its reasonableness was for the jury, having regard to the season of the year and the sufficiency of township funds.

28 P. F. SMITH—11

[Commonwealth *v.* Reiter.]

6. Edge *v.* Commonwealth, 71 Barr 275 ; Grafins *v.* Commonwealth, 3 Penna. R. 502 : Phillips *v.* Commonwealth, 8 Wright 197, followed.

March 23d 1875.    Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Certiorari to the Court of Quarter Sessions of *Lycoming county:* No. 258, to January Term 1874.

On the 27th of January 1873, an indictment was found against John Reiter and Peter Mulvey, supervisors of Cascade township, Lycoming county, for refusing to open a public road.

The indictment was :—

That, by an Act of Assembly of April 17th 1869, to authorize "the laying out a certain road in Lycoming, Sullivan and Bradford counties," it was enacted :—

Sect. 1. That certain commissioners named in the bill should lay out a state road from the inclined plane of Barclay railroad in Bradford county, to Bodine's station, on the Elmira and Williamsport railroad, in Lycoming county.

Sect. 2 directed the mode of procedure of the commissioners, and that they should inquire whether the owners of improved land through which the road might pass suffered damage, and determine and report how much was to be paid them when the road should be opened.

Sect. 3 directs the marking of the route of the road, so as to enable the supervisors readily to find it, &c.

Sect. 4 directed that drafts of the road be made, and a copy of the draft, with the report of the commissioners as to damages, &c., be filed in the office of the clerk of the Quarter Sessions of each of the three counties, on or before the 1st of October then next, and from the filing of the report the road should be a public highway, "and upon notice to the supervisors by any persons interested, the same shall be opened and repaired as other public roads are opened and repaired in said townships."

Sect. 5 required the supervisors of the townships through which the road may pass, upon the written request of one or more of the landowners along the route of said road, or others interested, and who may offer to advance the money necessary to open any certain portion of said road, to take his or their obligations for the proposed sum, and thereupon to advertise and let such part of the said road to the lowest and best bidder for the same.    Advances thus made shall be acknowledged by the proper township officers by a note bearing interest and payable by the township at such times as may be agreed upon by and between the parties, and shall be an off-set to road taxes in the hands of the holder assessed on property in such township ; and any neglect or refusal to comply with the foregoing provisions, shall be subject to the same fines and penalties that are now imposed on supervisors for refusing or neglecting to open and repair public roads.

That by a supplement to the act, approved the 24th of March 1873, it was enacted :—

Sect. 1. " That the report required to be filed in the respective counties through which the said road may pass or be laid out, by the fourth section of the act to which this is a supplement, by the commissioners locating the same, shall be deemed in law good and valid, and for all purposes a sufficient compliance with the provisions of said section, in case said report shall have attached thereto a draft of so much of said road as may be situated in or pass through the territory of the county in which said report may be filed."

" That the commissioners named in said Act of Assembly * * * did view, lay out and mark plainly upon the ground, as required by said Act of Assembly, a state road from, &c., the foot of the inclined plane on the Barclay railroad, in Bradford county, * * * to Bodine's station, on the Elmira and Williamsport railroad, in the last named county, and did make out fair and accurate drafts of the location of the said road, as required by said Acts of Assembly, and did, with their report in respect to the vacating of roads and the assessments of damages, file a copy of the drafts aforesaid in the offices of the clerks of Quarter Sessions of the respective counties through which the said road passes or is laid out, as required by the said Acts of Assembly. And did in all respects comply with and fully perform all the matters and things required to be done and performed by them by the said Acts of Assembly.

" That a portion of the state road, viewed and laid out as aforesaid, is located in the township of Cascade, in the county of Lycoming aforesaid. That on or about the 28th of July 1873, Michael Kelly, a person interested in the said road, gave notice to Peter Mulvey, one of the supervisors of the said township of Cascade, to open the said road in the said township, as provided in said Acts of Assembly. And that on or about the 11th of August 1873, the said Michael Kelly gave notice to John Reiter, the other supervisor of the said township of Cascade, to open the said road in said township, as provided in said Acts of Assembly. That the said Peter Mulvey and John Reiter were at the time of the service of the notice aforesaid upon them respectively, the supervisors of the said township of Cascade, and still are such supervisors." * * *

The indictment averred the neglect and refusal of the supervisors to open the road.

The defendants demurred to the indictment, and as cause of demurrer set out :—

1. That they are not subject to indictment for not opening the road mentioned in said indictment.

2. That said indictment is defective, in that it is not therein

[Commonwealth *v.* Reiter.]

stated that a landowner along the route of said road, or any other person interested, offered to advance to the said John Reiter and Peter Mulvey, or their predecessors in office, the money necessary to open any certain portion of said road, as required by the 5th section of said act.

3. Because the supplement to an Act of the General Assembly, approved the 24th day of March, A. D. 1873, and recited in said bill, is an attempt by the legislature to give an explanation to the Act of April 17th, A. D. 1869, different from the judicial meaning previously fixed upon said act by this court, when Patrick Flannigan and Peter Wicks, supervisors of said township, were tried and acquitted in this court for not opening said road.

4. Generally, because said supplement to the act recited in said indictment is unconstitutional and void.

5. That the supervisors have not had written or other notice of the passage of the supplement referred to in said indictment, nor reasonable notice and time to open said road before the finding of the indictment in this case, wherefore they pray judgment.

Judgment was entered on the demurrer for the defendants.

The Commonwealth sued out this certiorari, and assigned for error, that the court entered judgment for the defendants on the demurrer.

*H. H. Cummin* and *H. C. Parsons* (with whom was *G. C. Hinman*, District Attorney), for the Commonwealth.—Not opening a highway is indictable : Edge *v.* Commonwealth, 7 Barr 275. Till the courts fix the meaning of a doubtful law, the legislature may explain it : O'Conner *v.* Warner, 4 W. & S. 227. The legislature might modify or repeal the 4th section of the act, although the courts might declare that rights previously vested should not be affected ; Lambertson *v.* Hogan, 2 Barr 23 ; Reiser *v.* Savings Fund, 3 Wright 145 ; Journeay *v.* Gibson, 6 P. F. Smith 60 ; Shonk *v.* Brown, 11 Id. 327.

*J. J. Metzger* (with whom was *O. H. Reighard*), contrà.—The Commonwealth alleges that she is proceeding under the 4th section, thus making the 5th a nullity. If the sections are inconsistent the latter must prevail : Packer *v.* Sunbury & E. Railroad, 7 Harris 219. The indictment does not show that one or more landholders offered to advance money to open the road according to the 5th section; this should appear in the indictment : Wharton's Am. Cr. L., sect. 364.

Mr. Justice MERCUR delivered the opinion of the court, May 10th 1875.

Several special matters were alleged in the demurrer. As the

[Commonwealth v. Reiter.]

court filed no opinion, we are not informed on which the demurrer was sustained.

That supervisors are liable to indictment for neglecting to open a public highway duly laid out in their respective townships, is well settled: Grafins *et al. v.* Commonwealth, 3 Penna. R. 502; Edge *v.* Same, 7 Barr 275; Phillips *v.* Same, 8 Wright 197.

1. The indictment recites at length the Acts of Assembly of 17th April 1869, and of 24th March 1873, which give the power and direct the manner of laying out this public road. It avers a due execution of that power, according to the requirements of the statute; and that the road was duly viewed and laid out in the township of Cascade, of which the defendants are supervisors. Thereupon, the Act of 17th April declares "it shall, to all intents and purposes, be a public highway." It, therefore, follows that the defendants were liable to an indictment for a neglect of their duty in regard to the road.

2. This assumes that the indictment was drawn under the *fifth* section of the Act of 17th April. This assumption is unwarranted. It is not justified by the record. The fourth and fifth sections severally prescribe under what circumstances the supervisors shall be required to open the road. Section four declares that "upon notice by any person interested, the same shall be opened and repaired as other public roads are opened and repaired in said township." Wherever there are supervisors, this power is lodged exclusively in them. No other person or official was authorized to open this road. An obligation was then imposed on those supervisors to expend the general funds of the township in opening it.

Section five of the act assumes that some person or persons owning lands along the route of the road may have a special interest in the construction of certain portions of it sooner than the existing funds of the township will pay for its opening. In such a case, if the person so desiring it will advance the money necessary for that purpose, it is made the duty of the supervisors to let such portion to the lowest and best bidder. This indictment does not aver any of those special facts. It does not charge a violation of any duty imposed by that section. It is true that section is recited with the rest of the act; but the specific charge of dereliction of duty is under the fourth section. It is, that after notice by a person interested, the defendants have neglected and refused to employ laborers to open and clear the road, and have neglected and refused to open and clear the same.

3 and 4. It was clearly within the legislative power to so modify and change the law as to dispense with some of its former requirements. The supplement might impose a duty under certain facts which created none before.

If the defendants were indicted for their neglect and refusal before the passage of the Act of 24th March 1873, to open the

[Commonwealth *v.* Reiter.]

road, then this point would have force; but inasmuch as it is for their neglect of duty thereafter, the principle invoked does not apply.

5. The indictment avers notice. The statute does not require it to be in writing. The reasonableness of the time intervening between the notice and the commencement of the prosecution was not a question of law to be declared by the court; but one of fact to be passed upon by the jury, having due regard to the season of the year, and the sufficiency of township funds.

The learned judge, therefore, erred in allowing and sustaining the demurrer, and the judgment must be reversed.

> Judgment reversed, and judgment entered in favor of the Commonwealth, and the record is remanded for the court below to impose sentence.