ROAD IN ROARING BROOK TOWNSHIP.

APPEALS BY JACOB WESSER ET AL. FROM THE COURT OF QUAR-
    TER SESSIONS OF LACKAWANNA COUNTY.

Argued February 24, 1891—Decided March 9, 1891.
                    [To be reported.]

1. Although the proceeding in the Supreme Court to review the action of
   the Court of Quarter Sessions in a road case, is denominated an appeal
   under the act of May 9, 1889, P. L. 158, it is in substance and effect the
   common-law proceeding by certiorari, and the review is confined to the
   regularity of the record.
2. When the record of a proceeding to lay out a road is removed to the
   Supreme Court more than two years after final confirmation, the writ
   must be quashed, notwithstanding an application to set aside the con-
   firmation was made to and refused by the court below within two years:
   Act of April 1, 1874, P. L. 50; Road in Salem Tp., 103 Pa. 250.
(a) Being attached for contempt in not obeying an order to open a road,
   the supervisors answered that the road was unnecessary; that the funds
   in their hands, the amount of which was not stated, were needed for
   other purposes; and that to open the road would involve an increase of
   the township debt beyond the constitutional limit:
3. The reasons given for not obeying the order were insufficient; the su-
   pervisors having nothing to do with the necessity for the road, and it
   not appearing that they had exhausted the power of taxation, or had
   made any bona fide attempt to comply with the order: the power of the
   Court of Quarter Sessions to issue the attachment not decided.
4. A writ of certiorari from the Supreme Court, in a road case, not
   lodged in the court below until after an order to open the road has been
   issued to the supervisors, is not a supersedeas of that order; the case is
   analogous to that of an outstanding execution in the hands of the sheriff:
   Per ARCHBALD, P. J.

Before PAXSON, C. J., GREEN, CLARK, McCOLLUM and
MITCHELL, JJ.

Nos. 137 July Term 1890, 308 January Term 1891, Sup. Ct.; court below, No. 1 October Term 1886, Q. S.

On June 28, 1886, a petition for the appointment of viewers to lay out a public road in Roaring Brook township was filed in the court below, and viewers were appointed thereon who reported in favor of opening a road laid out by them. After the usual proceedings, the report was confirmed absolutely on January 24, 1887 ; and, on June 24, 1889, an order to the supervisors of the township, directing the opening of the road, was issued. The order was served on April 24, 1890.

On May 8, 1890, Alfred Griffin and Jacob Wesser, supervisors of Roaring Brook township, filed a petition for a stay of the order to open, and for a rule to show cause why the report of viewers laying out the road, and all proceedings thereunder, should not be stricken off. The petition averred that the road as laid out would be useless and burdensome to the public; that it was projected in the interest of one Schoonmaker, for the purpose of developing his private property; that before any part of it had been opened, a petition for its vacation was in circulation among the inhabitants of the township, and that, for the purpose of defeating this petition, Schoonmaker induced one Brink, at that time a supervisor, to open that part of the road located upon Schoonmaker's property ; that proceedings to vacate the unopened residue were afterwards held at Nos. 4 January Term 1888, and 7 October Term 1889, of the court below, the report of viewers in each of said proceedings being set aside by the court ; that one of the viewers who laid out the road was the owner of a lot on or near the road ; that said viewers made their report hastily, without fully complying with their duties, having failed to request J. S. Miller over whose property the road was located, to release damages ; and that the road was not located at the termini named in the original petition, and was so negligently laid out by courses and distances that it would be difficult, if not impossible, for the supervisors to open and make the same.

The court, on May 26, 1890, refused the prayer of the petition, whereupon the petitioners, Griffin and Wesser, on June 12, 1890, took the appeal at No. 137 July Term 1890, specifying that the court erred :

Opinion of Court below.

1. In refusing to stay the order to open the road.
2. In refusing a rule to set aside the report of the viewers.

On July 3, 1890, a return was made to the order to open, served on Wesser and Griffin, supervisors, personally, etc. On the same day, upon the filing of affidavits to the effect that the order to open the road had been served, and that a portion thereof remained unopened, the court granted a rule upon said supervisors to show cause why they should not be committed for contempt in disobeying the order of court. To this rule no formal answer was made, but on August 25, 1890, the certiorari sur the foregoing appeal was filed.

On September 22, 1890, after hearing, the court, ARCHBALD, P. J., made the rule absolute in the following opinion:

The proceedings to lay out this road were begun June 28, 1886, and the report of the viewers in favor of it was finally confirmed January 24, 1887. The road was thereupon opened in part, but proceedings have been pending since then to obtain the vacation of the balance of it. These proceedings having been unsuccessful, an order to open the road was issued and served upon the supervisors of the township April 24, 1890. On May 8, 1890, the supervisors petitioned for a stay of this order, and to have all the proceedings leading up to it set aside, but this the court, after due consideration, May 26, 1890, refused to allow. From this refusal, the supervisors, on June 12th appealed to the Supreme Court, and in support of that appeal a writ of certiorari has been sued out and served upon us. In the meantime, a rule was entered upon the supervisors to show cause why they should not be committed for contempt in not complying with the order to open the road. The only answer which is made to this rule is the presentation of the writ of certiorari, and the question, therefore, now is as to the effect which is to be given to that writ.

The proceedings in road cases are carried to the Supreme Court for review by means of the common-law writ of certiorari. Except as to Allegheny county: act of April 27, 1869, P. L. 1235, I know of no statute regulating the effect of the writ in such cases, and it is therefore in the present instance to be given its common-law effect. The writ of certiorari at

common law is a supersedeas, as soon as it is received by the
lower court: Patchin v. Mayor, 15 Wend. 665; Ewing v.
Thompson, 43 Pa. 372; and any proceedings, thereafter taken
in the case, are, as a rule, of no effect. There is a well-
recognized exception, however, to this rule, and that is, that
where proceedings have been begun before the writ is received,
to carry out the judgment of the court, the certiorari will not
stay them. Thus, where a fieri facias had begun to be execut-
ed by the sheriff, before the service of the writ, he can go on
and finish it, and the court below may even award a venditioni
exponas for that purpose: Charter v. Peeter, Cro. Eliz. 597;
Blanchard v. Myers, 9 Johns. 66; Patchin v. Mayor, supra.

It seems to me that the present case falls within this excep-
tion. It is now over three years since the report of the view-
ers in favor of the road was finally confirmed, and a part of
the road has been actually opened. Now, when an order to
open the balance of the road is served upon the respondents,
and after they have failed to secure a stay of the order, the
present writ of certiorari is lodged in this court. It is too
late. The order to open the road has gone out and must be
executed; the certiorari does not stay the proceedings upon
it. Granted, that it removes the record, and arrests the fur-
ther course of the case, still it finds the case with the order to
open outstanding and in the hands of the supervisors for exe-
cution, with the present proceedings instituted to enforce it.
This is analogous to an outstanding execution in the hands of
the sheriff instanced above. My opinion is that the writ is
not a supersedeas, and that the respondents have shown no
sufficient reason for not complying with the order. The rule
for an attachment is made absolute.

—An attachment having issued against the supervisors, they
appeared on October 20, 1890, and filed an answer, which, after
reciting the various proceedings in the case, and setting forth
that Jacob Wesser was elected supervisor in February, 1890,
and Alfred Griffin, the other supervisor, had been elected in
February, 1889, made further averments in substance as fol-
lows:

We had no definite knowledge with regard to the road in
question, or the opening thereof, until the order to open was
served upon us, April 24, 1890. We do not think said road

necessary or convenient for the traveling public, but believe it would be burdensome to the township and will compel us to incur an indebtedness against the township of at least $2,000. The assessed valuation of said township for the year 1890 was $66,053. We believe we have no authority to incur an indebtedness, without the assent of the electors, as provided in § 8, article IX., of the constitution of Pennsylvania, where such indebtedness exceeds the sum of two per cent. The repairs of the road already opened, and the building of another road, will exhaust all the funds in our hands ; and the township will be indebted, after all taxes are collected and legally expended, $200 or more, without incurring any expense on the road in suit.

We have appealed from the decision of the court refusing to stay the order to open, and caused certiorari to issue from the Supreme Court, which writ has been served and is on 'file in this case. We were advised that the appeal and certiorari would probably stay the proceedings in the lower court, until they were affirmed or reversed by the Supreme Court; and we were further advised that we had no authority to incur an indebtedness in the opening of said road to an amount exceeding two per cent of the assessed valuation of the property for 1890. We understood that the certiorari was a supersedeas; and would stay the proceedings in the lower court. Had that not been the case, a full answer would have been filed before. We have done no act and have neglected or omitted to do nothing, ordered by the court, with any other intention than to legally review the orders of your Honorable Court, as we were informed was our right and we believe to be our duty; and we were impelled to this action by the advice, requests and demands of the citizens and people of Roaring Brook township.

—After argument, the court, ARCHBALD, P. J., filed a second opinion in which, citing Bartle v. Des Moines, 38 Ia. 414; Rice v. Des Moines, 40 Ia. 638, and McCracken v. San Francisco, 16 Cal. 632, it was held that the provisions of § 8, article IX., of the constitution, prohibiting counties, townships, etc., from incurring any new debt, or increasing their indebtedness, to an amount exceeding two per centum of the assessed valuation of the taxable property therein, without the consent of the electors, did not apply to the incurring of a debt which

was necessary to meet a public duty imposed by law upon a township, and did not arise out of the voluntary acts of the supervisors. The opinion concluded as follows:

I have no authority at this time to modify the final confirmation, nor to call it in question. However unpleasant the duty, I am compelled to carry into effect the decree of the court and to see that the order to open the road is obeyed. The matters set up by the respondents, in their several answers to the present rule, are not available to them, and I have no option but to commit them, unless they are prepared to carry out the order which has been served upon them.

Let an attachment issue as prayed for.

—Thereupon the respondents took the appeal to No. 308 January Term 1891, specifying that the court erred:

1. In ordering the attachment to issue.

2. In ordering that the supervisors be committed, unless they were prepared to carry out the order to open the road.

3. In deciding that the supervisors must open the road, notwithstanding the indebtedness thereby incurred would exceed two per cent of the assessed value of the taxable property.

*Mr. Samuel B. Price,* for the appellants:

The people have not delegated to the Court of Quarter Sessions and boards of viewers authority to contract for a municipality, or to compel it to contract an indebtedness which would otherwise be in violation of § 8, article IX., of the constitution; and the proceedings for opening roads, and the orders of court thereon, must necessarily be subordinate to the constitutional provision: Pike Co. v. Rowland, 94 Pa. 249; Wheeler v. Philadelphia, 77 Pa. 338; Ackerman v. Buchman, 109 Pa. 254; Wilkes-Barre's App., 109 Pa. 554; Cooley's Const. Lim., 233, 234, 641, 642; Endlich on Statutes, § 538; Dillon on Mun. Corp., § 381; Cooley on Taxation, 209. The mistake of the court below is in treating an order to open a road as a legal obligation analogous to a liability which a municipality has brought upon itself by the commission of a tort. The latter may be an exception to the constitutional provision, upon the ground that, if it could be defeated by a limitation to indebtedness, municipalities might become lawless, injuring the property and the persons of individuals and yet always escaping

liability.   This distinction is a sufficient answer to the authorities cited by the court below.

*Mr. Charles H. Welles*, for the appellees:

These cases are called appeals, but they are in effect proceedings by certiorari, subject to the same rules that governed writs of certiorari, in road cases, prior to the passage of the act of May 9, 1889, P. L. 158: Rand v. King, 134 Pa. 641. The court can review nothing but the regularity of the record: Rule XXXIV., Sup. Ct.; Lower Macungie Tp. Road, 26 Pa. 221; Kirk's App., 28 Pa. 185; Church St., 54 Pa. 353; Kensington etc. Turnpike Co., 97 Pa. 260; Chestnut St., 86 Pa. 88; Spring Garden Road, 43 Pa. 144; Commonwealth v. Gurley, 45 Pa. 392; Election Cases, 65 Pa. 20; Giddings's App., 81* Pa. 72; Dodds v. Dodds, 9 Pa. 315; Brown v. School Directors, 18 Pa. 78; Shisler v. Keavy, 75 Pa. 79.   The court certainly had power to enforce its order by attachment, and could commit for a refusal to obey it: § 23, act of June 16, 1836, P. L. 793.   Moreover, we filed with the court below the written undertaking of a reputable resident of the township to complete the opening of the road for $250, and taking the respondents' own statement of the other debts of the township, they will be far within the constitutional limit.

## NO. 137.

PER CURIAM:

The report of viewers was confirmed absolutely January 24, 1887.   The certiorari, having been taken out more than two years thereafter, must be quashed: Act of April 1, 1874, P. L. 50; Salem Tp. Road, 103 Pa. 250.

Writ quashed.

## NO. 308.

OPINION, MR. CHIEF JUSTICE PAXSON:

This case is entitled an appeal, and has been argued as such. It is not, however, for no appeal lies in such a case.   It is a certiorari, and brings up nothing but the record.   We must examine it by what appears therein.

The appellants are the supervisors of Roaring Brook township, and were ordered by the court below to open a road in

Opinion of the Court.

said township. The report of the viewers upon said road was finally confirmed January 24, 1887. The order to open was issued June 24, 1889, and served upon the supervisors April 24, 1890. Between these dates there appears to have been an unsuccessful attempt to have the road vacated; and the record contains some evidence, as is not infrequent in road cases, of a local wrangle over the matter. The supervisors neglected or refused to open the road, whereupon the court below awarded an attachment against them as for contempt. It is this order of which they now complain.

In their answer to the order or rule for the attachment, the supervisors set forth their reasons for not opening the road, the principal of which are the following:

(*a*) That the road is not necessary; or, in their precise language, " on examining the road ordered to be opened, we say, upon our oaths, that we do not and did not think it necessary or convenient for the traveling public."

(*b*) That to open the said road would involve an expense of at least two thousand dollars, which would increase the debt of the township beyond the constitutional limit.

The sixth section of the act of June 13, 1836, P. L. 556, provides that " public roads or highways laid out, approved, and entered on record as aforesaid, shall, as soon as may be practicable, be effectually opened," etc. Under this act it is the duty of the supervisors to open a public road as soon as practicable after it has been laid out and confirmed. Not opening a highway, or refusing and neglecting to keep it in repair, is an injury to the public, and is indictable as a public or common nuisance: Graffins v. Commonwealth, 3 P. & W. 502. The supervisors are enjoined by statute to open and repair public roads; and it is essential to the convenience of the public that the remedy to enforce compliance on the part of these officers should be emphatic, and at the instance of the public authorities of the state: Edge v. Commonwealth, 7 Pa. 275.

With this brief reference to the law, we will consider the reasons given by the supervisors for their neglect. The first does not require discussion. The law does not make them the judges of the necessity for the road, nor does it clothe them with power to reverse the finding of the jury and the order of the court below.

Nor do we attach much weight to the second reason. The order of court which they have refused to obey does not require them to increase the debt of the township beyond the constitutional limit. It appears that a portion of the road has been already opened, and that only a small part thereof remains to be opened. It was stated at bar, and not denied, that a responsible party had filed in the court below an offer in writing to open the balance of the road in a satisfactory manner, for the sum of two hundred and fifty dollars. Be that as it may, the supervisors admit funds in their hands, without stating how much, but allege that they are needed for other purposes. In other words, they propose to apply such moneys in their own way, and in disregard to the order of the court. They are clothed with the power of taxation, and there is nothing to show that they have exhausted it, or have even the disposition to lay such taxes in the future as may be necessary to enable them to obey the order. We may assume that the court below would grant them any reasonable indulgence rendered necessary by the financial condition of the township, were they engaged in a bona fide attempt to carry out the order. No such attempt appears, however; no move has been made in that direction, although months have elapsed since the order was served upon them. Their position is not one of obedience, but of defiance, to the court. This cannot be permitted.

It is proper to say that no question was raised as to the power of the Quarter Sessions to issue the attachment. We decide only what is before us.

Order affirmed.