## Commonwealth, Appellant, *v.* McComb.

*Criminal law—Indictment—Grand jury.*

An indictment cannot be sustained where it appears that it was made upon the testimony of a witness examined before the grand jury in another proceeding, and was not based upon the personal knowledge or observations of any member of the grand jury, or upon instructions from the court, or presentment by the district attorney. Com. v. Green, 126 Pa. 531. applied.

Argued Oct. 4, 1893. Appeal, No. 249, Oct. T., 1893, by Commonwealth, from order of Q. S. Clarion Co., Nov. T., 1892, No. 12, quashing indictment against defendant, A. C. McComb, for dissuading witness from attending court. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Motion to quash indictment for dissuading witness from attending court.

From the record it appeared that on Aug. 12, 1892, the grand jury made a presentment against defendant for "unlawfully dissuading and attempting to prevent a witness from attending and testifying" before them. At the November sessions following, the district attorney laid before the grand jury of that term an indictment, charging defendant with said offence, namely : unlawfully attempting to dissuade, hinder, and prevent Mead Nail, W. R. Elliott and Verd Fulton from attending and testifying at the court of quarter session, etc., of Clarion county, Pa., on Aug. 2, 1892, in a certain case then and there depending and to be heard before the grand jury on a bill of indictment then and there preferred against D. W. Cook for

keeping a gambling house, the said Nail, Elliott and Fulton then and there being witnesses duly summoned and required to attend the said court, etc.; also a second count therein of a like charge for unlawful attempt to dissuade, etc., the said witnesses from attending and testifying in the same case depending in said court on the same bill of indictment against D. W. Cook for keeping a gambling house, etc. A true bill was found by the grand jury on said indictment. The indictment was made without any commitment by a magistrate, and without any instruction from the court. Defendant moved to quash the indictment.

The testimony of Wm. A. Cunningham and Sebastian Cook, two of the members of the grand jury by whom the presentment was made at August sessions, 1892, was in substance, that they were members of the grand jury at the August sessions, 1892, that the grand jury made a presentment against defendant for dissuading and attempting to dissuade a witness from attending and testifying before that inquest, and that the presentment was not made on the personal knowledge or observation of the grand jurors, and that the grand jury obtained their knowledge of the matter from the testimony given by a witness in another case against another and different person which was then being heard by the said grand jury, and that the information came out through a witness who was then being examined by the grand jury in the case of the Commonwealth v. D. W. Cook, who was charged with keeping a gambling house, and that it was upon the information thus obtained that the presentment was made against this defendant.

The court, CLARK, P. J., quashed the indictment.

*Error assigned* was quashing indictment.

*G. G. Sloan*, district attorney, for appellant, cited: 1 Greenleaf on Evidence, § 373; 2 Russell on Crimes, 473; Com. v. Shaver, 3 W. & S. 338; Clancy's Case, Fortescue, 208; Schuylkill County v. Copley, 67 Pa. 390; Com. v. Green, 126 Pa. 531.

*John W. Reed, Harry R. Wilson* with him, for appellee, cited: Lloyd & Carpenter's Case, 3 Clark, 188; Com. v. Green, 126 Pa. 531.

PER CURIAM, October 23, 1893:

This case appears to be within the ruling of this court in Commonwealth v. Green, 126 Pa. 531, and on the authority of that case the order quashing the indictment should be affirmed.

Order affirmed, with costs to be paid by appellant.