# Commonwealth v. New Bethlehem Borough.

*Criminal law—Essentials of constable's return—Indictment of municipality for nuisance.*

A constable's return need not be drawn with all the formal nicety of an indictment. The return in question taken as a whole and given a reasonable intendment, charged a public nuisance and by implication a neglect of duty on the part of a municipality in permitting the public highway under its control to be and continue totally obstructed against public travel.

*Nuisance—Neglect to repair road.*

Neglect to keep in repair the public roads in any municipal district is a violation of public duty, and the person or municipal corporation charged with the duty is punishable by indictment at commom law; a corporation may be indicted for acts done to the injury and annoyance of the public.

*Sufficiency of indictment—Motion to quash—Bill of particulars.*

An indictment is sufficient if it shows that an offense has been committed and describes the same so plainly that its nature easily may be understood by the jury. If it comes up to this standard but does not furnish sufficient information to enable the defendant to prepare his defense, the remedy is not by motion to quash but by motion for bill of particulars.

*Constable's return—Indorsement of prosecutor—Quashing indictment.*

Where an indictment is based on a constable's return made in the discharge of his official duty, it is not required that the name of a prosecutor be indorsed thereon.

The court will not quash an indictment based on a sworn return of a constable in the discharge of his official duty where there is no irregularity apparent on the face of the record and none is shown by extrinsic evidence.

Argued May 7, 1900. Appeal, No. 143, April Term, 1900, by plaintiff, in suit of Commonwealth of Pennsylvania against borough of New Bethlehem, from decree of Q. S. Clarion County, May Sessions 1899, No. 5, quashing indictment. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed. Opinion by RICE, P. J.

Motion to quash indictment. Before GREER, P. J., of the 50th judicial district, specially presiding.

It appears from the record that a motion for leave to send up a bill of indictment based on a constable's return was duly presented and filed in open court and the motion granted by the court.

ESSENTIAL FACTS FOUND BY THE SUPERIOR COURT.

[The sworn return of the constable of the defendant borough at the May sessions of the court below contained the following: "26th question. Any other violation of the law? Yes. See notice here attached." Attached to, and by express reference, made part of, the return was a paper signed by several citizens of the borough requesting the constable " to make the following return : That Vine street, a public highway in the said borough of New Bethlehem, is rendered impassable to vehicles and unsafe and dangerous to pedestrians on account of the absence of a suitable crossing over the tracks of the Allegheny Valley Railroad where the same cross said street and the erection and maintenance of a switch post in said street; that the obstruction to said street is the ties, tracks, switch post, and roadbed of the said railroad which at present cross said street without any means of passing over the same having been provided." On motion of the district attorney the court granted "leave to send up a bill of indictment upon the foregoing constable's return." This motion was entitled Commonwealth v. New Bethlehem, from which it is apparent that leave was asked and granted to send up a bill against the borough. An indictment was prepared by the district attorney, sent before the grand jury and returned a true bill in which, inter alia, it was alleged that the highway at the point where the Allegheny Valley Railroad crosses the same " was, and yet is unsafe, dangerous, broken, uneven, rough, obstructive for want of due reparation and amendment of the same, so that citizens of the said commonwealth through the same way, with their horses, coaches, carts and wagons, could not during the time aforesaid nor yet can go, return, pass, ride and labor, without great damage of their lives and loss of their goods," etc. On August 25, the defendant's counsel moved to quash the indictment for the following reasons :

" 1. The offense, if any, charged in said indictment, is not of such a nature, nor is there such a pressing and adequate necessity in this case, as justified the prosecuting and finding of a district attorney's bill.

" 2. That part of the return on which the indictment in this case is based is not made on oath of the constable. In other words this criminal prosecution was instituted merely on the

motion of the district attorney without any oath or affidavit as should be required in a case of this kind.

" 3. The return of the constable does not set forth facts sufficient to sustain the indictment found in this case.

" 4. The indictment is not based upon the return, but sets forth an entirely new and different offense.

" 5. The indictment does not set forth the specific facts that render Vine street at the point complained of ' unsafe, dangerous, broken, uneven, rough, obstructive for want of due reparation and amendment of the same,' and hence the court has not sufficient facts on the face of the indictment to determine that a criminal offense has been committed.

" 6. The name of the prosecutor does not appear on the indictment, nor does it show that it is based on a constable's return.

" 7. The names of the citizens who signed the notice to the constable on whose return this indictment is founded should have been placed by the grand jury on the indictment as prosecutors."

The court made the following order: "Now, August 28, 1899, motion sustained and bill of indictment quashed, and for the further reason that neither the return of the constable nor the order of court charges any offense against the defendant." From this order the present appeal was taken.]

*Errors assigned* were (1) in sustaining defendant's motion to quash the indictment reciting reasons therefor and order of court granting the motion, as set out in the statement of facts. (2) In quashing the indictment for the further reason that " neither the return of the constable ·nor the order of court charged any offense against the defendants," reciting return, motion and order of court, which are set out in full in the statement of facts.

*F. J. Maffett*, with him *Jno. T. Reinsel*, district attorney, *B. J. Reid*, and *A. A. Geary*, for appellant.—The borough has a general supervisory control over its streets : McLaughlin v. Corry City, 77 Pa. 109.

In Com. v. Bredin, 165 Pa. 224, we find " corporations are generally regarded as indictable for misfeasance, as well as

nonfeasance respecting duties of a public nature plainly enjoined by the legislature for the benefit of the public. . . . Where duties of a public nature are imposed upon municipal corporations, they are liable to indictment for neglecting to properly discharge such duties."

A municipality is indictable at common law for failure to keep its highways in repair. In such an indictment it is sufficient to allege generally that it is a public highway: Tiedeman, Mun. Corp. sec. 400; 1 Wharton's Crim. Law (10th ed.), sec. 91.

Not opening a highway or refusing and neglecting to keep it in repair is an injury to the public, and is indictable as a public or common nuisance: Edge v. Com., 7 Pa. 275.

That the return of the constable was a proper one and made in a proper manner is ruled by Com. v. Bredin, 165 Pa. 224, a case entirely similar to the one at hand: Com. v. Green, 126 Pa. 531.

It is a rule that that which is apparent to the court, and appears from a necessary implication, need not be averred: Com. v. Swallow, 8 Pa. Superior Ct. 539, 614.

In such a case a bill cannot be quashed except for matters appearing on its face: Harrison v. Com., 123 Pa. 518; Com. v. Miles, 21 Pa. C. C. R. 553.

The indictment is certainly sufficiently plain " that the nature of the offense charged may be easily understood by the jury." This is declared by section 11 of the Act of March 31, 1860, P. L. 427, to be all that is required.

In a case based on a constable's return it is not necessary to have a prosecutor's name indorsed on the indictment, but even if the contrary be true, in this case the omission of such indorsement is no ground for quashing but only for refusal to plead: Act of March 31, 1860, P. L. 427, sec. 27.

Overnice exceptions are not to be encouraged, especially in cases that do not touch the life of the defendant: Com. v. Swallow, 8 Pa. Superior Ct. 539, 614.

*W. A. Hindman* and *Don C. Corbett*, with them *D. M. Geist*, for appellee.—The refusal to quash a district attorney's bill can be reviewed by the Supreme Court only where the abuse of the lower court's discretion is manifest and flagrant: Rowand v. Com., 82 Pa. 405.

Nor are we without decisions determining the rights of the commonwealth on appeals where district attorney's bills have been quashed. The case of Com. v. Green, 126 Pa. 531, is very much in point.

The case of Com. v. McComb, 157 Pa. 611, is another example of the firmness with which the Supreme Court has adhered to the principle of the two cases last cited.

The construction of our criminal courts is nicely adjusted. The judge cannot originate, yet he must sanction prosecutions of the nature of the one under consideration. The district attorney under certain circumstances can originate prosecutions with the sanction of the court. One officer acts as a check on the other. If a lower court is to be reversed on appeals such as this, the result will be to make the lower courts subservient to the district attorney.

OPINION BY RICE, P. J., October 8, 1900 (after finding the facts as set out in the statement of facts) :

None of the foregoing reasons nor all of them taken together were sufficient to make it the imperative duty of the court to quash the indictment, as a brief review of the authorities will show.

1. A constable's return need not be drawn with all the formal nicety of an indictment. The return in the present case taken as a whole and given a reasonable intendment charges a public nuisance, and by implication a neglect of duty on the part of the municipality in permitting the public highway under its control to be and continue totally obstructed against public travel. The precise point was ruled in Com. v. Bredin, 165 Pa. 224, at least so far as the form of the return is concerned. There, as here, the constable adopted the notice as part of the return. The court below and the Supreme Court held that this was sufficient. Chief Justice STERRETT, delivering the opinion, said : " The indictment was based upon the return made by the borough constable to the court of quarter sessions. It was his duty to make the return, and while it was informal, as many such returns are, it was deemed sufficient by the court, and we are not prepared to say it was insufficient. It was made under oath and in answer to the question, ' Any other violations of law ? ' the constable's reply was, ' Yes ; see notice hereto attached. ' The notice be-

ing thus, in effect, made part of his return, the latter was sufficient to support the indictment." Nothing more need be said concerning the second, third and fourth reasons assigned by counsel, or the additional reason assigned by the court for quashing the indictment.

2. Neglect to keep in repair the public roads in any municipal district is a violation of public duty, and the person or municipal corporation charged with the duty is punishable by indictment at common law: Edge v. Commonwealth, 7 Pa. 275; Phillips v. Commonwealth, 44 Pa. 197; Commonwealth v. Reiter, 78 Pa. 161; Oakland v. Martin, 104 Pa. 305; Commonwealth v. Johnson, 134 Pa. 635; Roaring Brook Road, 140 Pa. 632. "Corporations are generally regarded as indictable for misfeasance, as well as nonfeasance, respecting duties of a public nature plainly enjoined by the legislature for the benefit of the public. The modern view is to assimilate corporations, as to their duties and responsibilities, so far as possible, to individuals. It is admitted that they cannot be indicted for felonies, but it is clear that they may be indicted for acts done to the injury and annoyance of the public, and which amount to a nuisance:" Dillon's Municipal Corporations, sec. 932, quoted with approval in Com. v. Bredin, supra. Not only does this principle apply to cases where the nuisance was created by the municipal corporation, but it also applies to cases where it has the power and is charged with the duty to abate a nuisance in the public highway and neglects to discharge the duty. From time out of mind it has been the practice, and in the last cited case it is shown to be their duty, for constables to return such public offenses and for the court to permit the district attorney to send an indictment before the grand jury without a previous hearing before a committing magistrate. It is unnecessary to discuss the propriety of this course of procedure. It is too well recognized to require more than the citation of the case of McCullough v. Com., 67 Pa. 30, where the subject is elaborately reviewed.

3. The suggestion that the indictment is not based on the return, but sets forth an entirely different offense, is not well founded, as a comparison of the return with the part of the indictment heretofore quoted will sufficiently show. Nor is there merit in the objection that the indictment does not set forth the

particulars constituting the offense. Criminal pleading is no longer the technical thing it was, and courts look more to substantial justice than artificial nicety: Commonwealth v. Keenan, 67 Pa. 203. There are many cases at common law and under statutes, where the description is general, and because of the multitude of particulars constituting the offense, the prosecutor may be required to give notice of the acts intended to be proved: Election Cases, 65 Pa. 20, 37. Notwithstanding this liberality of pleading the rule undoubtedly is, that an indictment must show that an offense has been committed, and, if at common law, must describe the same " so plainly that the nature of the offense charged may be easily understood by the jury." This is the test by which the sufficiency of the indictment is to be determined. If it comes up to this standard but does not furnish sufficient information to enable the defendant to prepare his defense the remedy is not by motion to quash but by motion for a bill of particulars: Williams v. Commonwealth, 91 Pa. 493, 502; Commonwealth v. Bachop, 2 Pa. Superior Ct. 294; Commonwealth v. Swallow, 8 Pa. Superior Ct. 539, 614; Commonwealth v. McCoy, 10 Pa. Superior Ct. 598.

4. Where an indictment is based on a constable's return made in the discharge of his official duty, it is not required that the name of a prosecutor be indorsed. Ordinarily there is no private prosecutor, and if there be none the defendant cannot refuse to plead: The King v. Lukens, 1 Dall. 5. This was so under the act of 1705, 1 Sm. L. 56, and the law has not been changed in this respect, but it has been so amended by the criminal procedure act of 1860, section 27, as to enable the court to determine the question in any case, whether there is such a prosecutor, and who he is, and "if they shall be of opinion that there is such a prosecutor " to order his name to be indorsed on the indictment. The fact that no prosecutor's name was indorsed on the bill returned by the grand jury was not ground for quashing the indictment.

5. The proceedings leading up to the finding of the indictment being regular and the indictment being sufficient in form and in substance, it is nevertheless claimed that the court had discretionary power to quash it. The case of Commonwealth v. Green, 126 Pa. 531, is relied on as sustaining this proposition, but we think it falls short of doing so. In that case the

indictment was based upon a presentment of a grand jury, having been prepared in pursuance thereof and sent before a subsequent grand jury with the permission of the court. It was proved on the hearing of the motion to quash, that the presentment was made upon the testimony of certain witnesses examined in another case and not on the knowledge or observation of the grand jury, and was therefore no presentment at all. The leave of court to send up the bill was granted under a misapprehension, and upon being informed of the facts concerning the illegal presentment, the court quashed the bill. This was held not to be error. Commonwealth v. McComb, 157 Pa. 611, was a similar case. Nothing of that kind appears or is alleged in the present case. To sustain this order we must hold, either that there is no mode of bringing up for review the action of the quarter sessions in quashing an indictment in any case, or that the court has absolute discretionary power to quash any indictment based on the sworn return of a constable charging a neglect of public duty in not keeping the highways in passable condition, even though the indictment be sufficient in form and substance, and the bill was sent before the grand jury by leave of court. It was intimated, it is true, in Commonwealth v. Green that a refusal to quash would not have been reversible error. From this it is argued that the motion in the present case was addressed to the discretion of the court below and that its action is not reviewable. This position cannot be sustained by the authorities. In Commonwealth v. Bradney, 126 Pa. 199, Justice CLARK, who rendered the opinion in Commonwealth v. Green, said: " It is also true that a motion to quash a bill has been treated as a proceeding addressed to the discretion of the court, a discretion regulated by judicial rule; and, according to the more common practice, perhaps the decision is not open to revision in the higher courts, but in Pennsylvania and in some others of the states the practice is otherwise : Commonwealth v. Church, 1 Pa. 105; McCullough v. Commonwealth, 67 Pa. 30; Commonwealth v. Keenan, 67 Pa. 203; Hutchison v. Commonwealth, 82 Pa. 472." It is undoubtedly true that the court has discretionary and revisory powers over what are called district attorney bills, and where the sanction of the court to sending up such a bill has been obtained by deception, whether wilful or unintentional, it may revise its action even after the return of an indictment. This is what the

Green case decides. But this, strictly speaking, was not a district attorney's bill, and was sent up through no misapprehension. It was based on a sworn return of a constable made in the discharge of his official duty, and this mode of prosecuting offenses which it is the constable's duty to return, especially where the offender is a corporation which cannot be held to bail by a committing magistrate, is not oppressive or extraordinary. Indeed it has been said that the return of the constable being made under a special oath at the time of the return, is the equivalent of an oath and charge before a magistrate, and it becomes the duty of the court to take notice of the return : McCullough v. Commonwealth, 67 Pa. 30. In the same case the court pointed out the distinction between an indictment based on an illegal presentment of the grand jury, and one based on the sworn return of a constable. " The usual course," said AGNEW, J., " where a presentment is thus surreptitiously procured, and bill founded upon it, has been to quash the indictment on motion, and before plea pleaded. This is the only way to reach the wrong. But when the bill has been regularly sent up by the district attorney, under the sanction of the court, upon the return of the proper officer, as in this case, the bill cannot be quashed unless 'for matters apparent on the face of the record." Later cases hold that an indictment may be quashed for matters not apparent on the record : Commonwealth v. Bradney, 126 Pa. 199, and cases cited on p. 204. Commonwealth v. Green was a case where the indictment was quashed upon extrinsic evidence showing the illegality of the presentment. And possibly a case might arise where the court would be justified in quashing an indictment based on a constable's return for matters not apparent on the record. But none of these cases are authority for the proposition, that although there be no irregularity apparent on the face of the record and none be shown by extrinsic evidence, yet the court has discretionary power to quash the indictment.

Considerable is said in the appellee's paper-book as to the merits of the case. But these facts alleged as a defense could not be considered by the court below on a motion to quash nor are they before us.

The judgment of the quarter sessions quashing the bill of indictment is reversed, and the record is remitted for further proceedings according to law.