## Commonwealth v. Neff et al.

*Road law—Supervisors—Neglect to repair highway—Nuisance—Indictment—Acts of March 28, 1808, and July 14, 1917.*

1. Supervisors may be indicted for neglect or refusal to keep in repair a public road, so that its condition has become such as to amount to a public nuisance.

2. The remedy by indictment provided by the Act of March 28, 1808, 4 Sm. Laws, 531, has not been repealed or superseded by later acts or by the 240th section of the Act of July 14, 1917, P. L. 840.

Motion to quash indictment. Q. S. Clearfield Co., Dec. T., 1921, No. 23.

*John C. Arnold,* District Attorney, for Commonwealth.

*Miller & Hartswick,* for defendants.

BELL, P. J., Dec. 15, 1921.—The indictment in this case charges that the defendants, being the Supervisors of Chest Township, did so neglect and refuse to keep in repair a certain public road that its condition became such as to amount to a public nuisance. A motion to quash has been filed, which avers that the supervisors are not indictable, either at common law or under any statute, for failure to repair and maintain the township road. At bar there was some discussion about the indictment departing from the theory of the information, but, as we look at it, the facts averred in the information fully support the indictment and need not be further considered. The important question is that squarely raised by the motion to quash and which denies that a proceeding by indictment for such cause can be maintained, contending that the court is without jurisdiction, and that for such offending the supervisor may be punished, if at all, only by proceeding under the 240th section of the Act of July 14, 1917, P. L. 840, and relying upon the recent decisions of Com. *v.* Adsit, 30 Dist. R. 760, in which such conclusion is reached by Judge Prather, and Com. *v.* Ritchey, 50 Pa. C. C. Reps. 624, in which Judge King reaches a like conclusion. The Commonwealth denies the sound-

ness of these decisions and insists that the jurisdiction to proceed by indictment, charging a public nuisance or charging such neglect of official duty as permitted the public property in the care of the defendants to constitute a public nuisance, has never been taken away. We would be glad to concur with the opinions of our brethren if we could do so, but are unable to reach the conclusion which has led to the findings in the cases cited.

The Act of April 6, 1802, 3 Sm. Laws, 512, provided a general road system and repealed all preceding laws relating to roads other than those in the City of Philadelphia and other corporate towns, and the 12th section provided: "That all and every supervisor or supervisors of the highways who shall refuse or neglect to do and perform his or their duty as directed by this act (and for which penalties are not otherwise herein provided) shall be fined in any sum not less than $4, nor exceeding $50, to be recovered in a summary way, before any justice of the peace of the county, to be applied toward repairing the public roads and highways within the respective townships where such fines and penalties are incurred." The Act of March 28, 1808, 4 Sm. Laws, 531, provided: "That the respective Courts of Quarter Sessions shall have jurisdiction to enforce the act entitled 'An act for laying out, making and keeping in repair the public roads and highways within this Commonwealth, and for laying out private roads,' concurrent with the justices of the peace within this Commonwealth." The Act of April 15, 1834, P. L. 537, related to counties and townships and their officers, and the 92nd section repeated almost *verbatim* the section quoted from the Act of 1802, while the 90th section provided: "The supervisors in each township, elected or appointed in pursuance of this act, shall perform all the duties imposed by law on supervisors of the public roads or highways, and be subject to the same responsibilities." The Act of June 13, 1836, P. L. 551, which dealt elaborately with the subject of roads, and provides many conditions and penalties, contains nothing which affects the preceding Act of 1834 or in any way supersedes its provisions. Space and time have not permitted a checking up of all of the legislation following the Act of 1836, but the subject has been followed sufficiently to indicate a general consistent preservation of the double class of procedure. Thus, the Act of June 23, 1897, P. L. 194, by the 18th section, provides for a fine of not more than $50 for the failure to carry out the provisions of the act, and by the 19th section, provides that the road supervisors "shall be subject to the same responsibilities and penalties that supervisors are now subject to, except in so far as changed or supplied by the terms of this act." The 13th and 14th sections of the Act of April 12, 1905, P. L. 142, are identical with the sections referred to in the Act of 1897. The 19th section of the Act of July 22, 1913, P. L. 915, extends the classes of persons falling within the penal provision, but is otherwise identical with the 13th section of the Act of 1905, and section 20 provides that the township supervisors or superintendents "shall be subject to the same responsibilities and penalties as road supervisors are now subject to, except in so far as changed or supplied by the terms of this act." The Act of July 14, 1917, P. L. 840, in its 240th section, is substantially a re-enactment of the 19th section of the Act of 1913, with slight modifications, and the 241st section is practically identical with the 20th section of the Act of 1913, and is as follows: "The township supervisors or township superintendents, elected or appointed in pursuance of this act, shall have all the powers and shall perform all the duties imposed by existing laws on supervisors of roads and bridges and highways and road commissioners or other officers having in charge the township roads, and shall be subject to all responsibilities and penalties imposed on such officers."

1 D. & C.

Commonwealth v. Neff et al.

The result of this investigation is, that from 1802 it has been a part of the provisions of the road law of Pennsylvania to provide proceeding for punishment of delinquent supervisors in a summary way by a proceeding to collect a penalty which has substantially throughout been limited to $50. It has also been the declared legislative intent from 1808 to the present, that supervisors should be subject to the jurisdiction of the Court of Quarter Sessions for such procedure as should be advisable to oblige them to perform their general public duties with reference to the opening, maintaining and repairing of the public roads. Unquestionably an indictment such as is here presented would lie at common law, and the Act of 1808, which was purely declaratory of the common law, was doubtless passed to relieve against any impression which might then exist in connection with the passage of the Act of March 21, 1806, 4 Sm. Laws, 332, and which is relied upon by Judge Prather in his opinion. It scarcely makes for strength of the position now urged in support of the motion to quash that the right to proceed by indictment has stood for more than one hundred years without being seriously questioned, though during all of that time there was upon the statute books provision under which supervisors could be punished by summary proceeding. But we are not without judicial authority directly upon the question. In Edge v. Com., 7 Pa. 275, the supervisors were indicted because of neglect of duty, relative to the repairing of the public roads, as a common nuisance, etc., and it was urged on behalf of the defendants that the Act of April 15, 1834, § 92, P. L. 537, which affixed a penalty recoverable by action, took away the jurisdiction of the Court of Quarter Sessions, and that there alone remained the jurisdiction in an action before a justice of the peace for penalty; to which the Attorney-General replied that the Act of 1834 merely gave an additional remedy by action, leaving the former one by indictment in force, and the Supreme Court, saying that neglecting to keep a highway in repair is indictable as a public or common nuisance, proceeds: "The supervisor is enjoined by statute to open and repair roads, and it is essential to the convenience of the public that the remedy to enforce compliance on the part of the officers should be emphatic and at the instance of the public authorities of the State." The court referred to the 90th section of the Act of 1834, enacting that the supervisors "shall perform all the duties imposed by law on supervisors of the public roads and highways, and be subject to the same responsibilities," and held, "and one of those responsibilities was, and continues to be, the liability to an indictment for refusing or neglecting to open and repair highways. There is no other provision nor any other act or clause giving the public or State any remedy save this of indictment." Since that time the proceeding by indictment has been followed in numerous cases, Phillips v. Com., 44 Pa. 197, and Com. v. Reiter, 78 Pa. 161, in which the Supreme Court said: "That supervisors are liable to indictment for neglecting to open a public highway duly laid out in their respective townships is well settled." The reason why the necessity exists that such authority should be vested in the Commonwealth is indicated in the reasoning of the Supreme Court in Com. v. Bredin, 165 Pa. 224. In Roaring Brook Township Road, 140 Pa. 632, the Supreme Court, by Chief Justice Paxson, reasserted the doctrine of Edge against the Commonwealth, declaring it to be "essential to the convenience of the public that the remedy to enforce compliance should be emphatic and at the instance of the public authorities;" and to the same effect might be cited Com. v. Johnson, 134 Pa. 635, and other cases. In Com. v. Meany, 8 Pa. Superior Ct. 224, the defendants were indicted for maintaining a common nuisance, which was the neglect to repair a public road, and the propriety of this form

Commonwealth v. Neff et al.

of proceeding was recognized by the courts. In Com. v. New Bethlehem Borough, 15 Pa. Superior Ct. 158, the Superior Court, speaking by President Judge Rice, said: "Neglect to keep in repair the public roads in any municipal district is a violation of public duty, and the person or municipal corporation charged with the duty is punishable by indictment at common law."

Of course, the cases cited are prior to the passage of the Act of 1917, but the parallel between the 90th and 92nd sections of the Act of April 15, 1834, and the 240th and 241st sections of the Act of July 14, 1917, is deadly, and any careful examination of the statutes will indicate that during the period during all of which the cases referred to were decided there was never a time at which the question now presented might not have been raised with equal force. We cannot say whether the profession regarded the matter as conclusively settled by Edge against the Commonwealth, or whether they regarded it as untenable under any circumstances. It is sufficient to conclude that before a jurisdiction which has existed in the court for more than a century, almost without question, be taken away, it must be done by more than uncertain legislation, and in the case at bar we do not regard it as even being uncertain.

Now, Dec. 15, 1921, the motion to quash is overruled, exception noted and bill sealed to the defendants.

From John M. Urey, Clearfield; Pa.