# Commonwealth ex rel., Appellant, *v*. Holland.

[Marked to be reported.]

*Road law—Jurisdiction—Mandamus to supervisors to open roads.*

The court of common pleas has no jurisdiction to enforce by mandamus an order of the court of quarter sessions directed to the supervisors of the township to open a public road. The court of quarter sessions has ample power to enforce its own order.

Argued Feb. 9, 1893.   Appeal, No. 31, Jan. T., 1893, by plaintiff, Commonwealth ex rel. Herbert Cox et al., from judgment of C. P. Chester Co., Aug. T., 1891, No. 33, refusing a writ of mandamus to compel the opening of a public road by defendants, Jas. Holland et al., supervisors.   Before PAXSON, C. J., STERRETT, McCOLLUM, MITCHELL and DEAN, JJ.

Petition for mandamus to supervisors to open road.

The facts appear by the opinion of the Supreme Court.

The court, in an opinion by HEMPHILL, J., refused the writ.

*Error assigned* was entry of judgment for defendants.

*J. Frank E. Hause* and *R. Jones Monaghan,* for appellants, in their paper book, cited, on the question of jurisdiction, Overseers v. Overseers, 82 Pa. 275; Oakland Twp. v. Martin, 104 Pa. 304; High on Extraordinary Remedies, § 18.

*R. T. Cornwell, Gibbons Gray Cornwell* with him, for appellees.

The arguments at bar and in paper-books were wholly on the merits of the case. They become unimportant under the decision, and are therefore omitted.

OPINION BY MR. CHIEF JUSTICE PAXSON, February 20, 1893:

The learned judge below refused to grant the writ of alternative mandamus applied for in this case. We concur in this result, although for different reasons.

·The application was for a mandamus to compel the supervisors of East Whiteland township to open a public road recently laid out. It appears from the facts agreed upon that to open this road so as to be of any practicable use, requires the construction of a bridge over the Chester Valley Railroad, at a point where said road crosses the same. The court of quarter sessions issued an order in the year 1888, directed to the then supervisors of the township, to open said road. This order was duly served upon the supervisors. All of the said road has been opened, except where it crosses the railroad, and the approaches thereto. It appears that in March, 1889, the supervisors met on the ground as a board, and determined that to cross the railroad with safety, it would be necessary to construct a bridge at a cost of $3,500, and that its construction was too expensive for the township to bear. It also appears that in April, 1889, the supervisors, together with other inhabitants, petitioned the court of quarter sessions of the county for an appointment of a jury of view for a county bridge, averring that the bridge necessary to complete the opening of said road was too expensive to be constructed by the township. A jury was appointed, and made a report in favor of the bridge, and that the cost of construction was too expensive for the township to bear. This report was concurred in by the grand jury and by the court. The county commissioners, however, did not concur, and nothing further has been done in the matter. As the supervisors made no further move towards opening the road, certain inhabitants of the township applied to the court of common pleas for a writ of alternative mandamus to compel them to open it. Under the circumstances, opening the road practically means the building of a bridge over the railroad at

the cost before stated.   It is clear from the facts admitted that to make a grade crossing would  require the road to be graded down twenty feet, or more, where the railroad makes a cut of that depth.   The result would be a crossing so extremely dangerous as to make an overhead crossing indispensable.

The objection we have to this proceeding is, that the court of common pleas has nothing to do with the opening of public roads.   The jurisdiction belongs to the court of quarter sessions, and it is exclusive.   The proceeding is practically an attempt to enforce in the court of common pleas an order made by the court of quarter sessions.   As a general rule, every court of record possesses the inherent power to enforce its own orders and decrees.   The court of quarter sessions possesses ample power in this respect.   When a road is laid out, approved, and entered on record, it shall " as soon as may be practicable be effectually opened " by the supervisors:   Act of June 13, 1836, P. L. 556.   An order is issued to the supervisors under the seal of the court, requiring them to open the road. A refusal or neglect of this duty is indictable : Edge v. The Commonwealth, 7 Pa. 275.   And we have no doubt a court can enforce its order in a summary manner.   It does not follow, however, that the quarter sessions will, at all times, and under all circumstances, enforce such order.   There may be reasonable grounds for delay, owing to the weather, the season, or other difficulties.   The act of assembly says that a road shall be opened as soon as it may be practicable.   Where an order to open is issued, and the supervisors make return that for any sufficient reason it is not practicable to open the road at that time, the court may consider such return, and if practicable difficulties really exist, extend the time, or make such order as is just and reasonable.   It does not necessarily follow that the court of quarter sessions would enforce the order to open this road at this time, under the circumstances as they appear in this case.   In any event, whatever be the discretion of the court of quarter sessions, it is a matter with which the court of common pleas has nothing to do, and the writ of mandamus was properly refused.

Affirmed.