## In re Road in Penn Township

*Harvey A. Gross*, for petitioners.
*Horace G. Ports*, for respondents.

NILES, P. J., July 22, 1935.—On October 28, 1933, the report of viewers was filed laying out a public road in Penn Township, York County, Pa. There being no exceptions, it was confirmed absolutely on the first Monday of January, 1934, and the road supervisors were served with the usual order accordingly. The road has not been opened. On June 10, 1935, this petition for attachment against the supervisors was presented, a rule was granted, and an answer filed by two of the supervisors, George R. Trone and Theodore Raubenstine, on June 17, 1935. Testimony was taken in open court on July 1.

On behalf of petitioners an attachment is asked against the two supervisors for their alleged negligence and refusal to comply with the court's order to open the road. There are 15 petitioners. More than 500 taxpayers of Penn Township signed a petition to the court and the board of supervisors expressing their opinion that the road is unnecessary, and that to open it at this time will be burdensome to the taxpayers of the township, and urging the court not to make an order compelling the supervisors to open the road at this time.

It appears that one of the supervisors, Roy E. Krentler, is interested in property along the proposed road and favors its opening. The other two supervisors, George R. Trone and Theodore O. Raubenstine, have not been cooperating with Roy E. Krentler. The two supervisors, Trone and Raubenstine, profess in their answer and in their testimony that they have not, and do not refuse to take the necessary action for the purpose of opening the road. Their excuse for the delay is that they do not now have sufficient funds to meet the expense; that by reason of the requirements of the State to make a township eligible to certain maintenance funds, the tax rate for the present fiscal year was fixed at 6 mills, with the proceeds from which it is impossible immediately to take care of the roads in the township already under construction, which, unless completed, will fall into disrepair, and the money already expended thereon will be in large part lost, unless they are completed within the next 6 months. The two supervisors admit that they have up to this time postponed the opening of this new road, giving the other roads already begun the present preference, in deference to the numerous protests of taxpayers, largely preponderating over desires of the comparatively few who are interested in the new road.

It is not pretended that supervisors have any function or right now to pass upon the necessity. The report of viewers, confirmed by the court, and the order settles that. The problem presented by this record is a delicate

one. Under the circumstances here revealed is the court required to use the summary remedy requested?

"Public roads or highways laid out, approved and entered on record as aforesaid, shall, as soon as may be practicable, be effectually opened": Act of June 13, 1836, P. L. 551, sec. 6. Neglect by supervisors to comply with the law is indictable: Com., ex rel., v. Holland, 153 Pa. 233; Road in Roaring Brook Twp., 140 Pa. 632. In addition to liability to criminal prosecution delinquent officers may be subject to attachment. As a general rule every court of record possesses the inherent power to enforce its orders. The court of quarter sessions has power to enforce the performance of the duties of supervisors "as soon as may be practical" after the road is laid out, approved, and entered on the record. The order to open is issued under the seal of the court, and the refusal or neglect of this duty is indictable.

We are not convinced that the action of these two supervisors under the circumstances up to this time is such an evident abuse of the discretion vested in them as requires drastic action, implying imprisonment for contempt. It may well be that if the delay in opening the road is so long persisted in as to clearly indicate an inexcusable, deliberate, and persistent purpose to disregard the action of the viewers, duly confirmed and ordered to be carried out by the court, an attachment under the sanction of imprisonment may be required. As the record now stands it will be refused.

This present action is without prejudice to the right of the petitioners, or others, to institute the usual criminal proceedings by information and indictment; thereby a jury, which is the proper tribunal to try such a question of criminal intent under the circumstances, will pass upon the facts.

And now, July 22, 1935, the prayer of the petition filed June 10, 1935, for an attachment against George R. Trone and Theodore O. Raubenstine, Supervisors of Penn Township, is refused.