Commonwealth *v*. E. Bredin, Burgess, J. C. Kirkpatrick et al., Councilmen of the Borough of Leechburg, Appellants.

*Criminal law—Indictment—Nuisance—Borough—Parties.*

If persons named in an indictment for maintaining a nuisance are described as the burgess and councilmen of a borough, naming the borough, the persons so named are indicted in their corporate capacity, and not as individuals.

Where authority is given to the officers of a borough to make regulations necessary for the health and cleanliness of the borough, the neglect of the officers to do so, is a misdemeanor punishable by indictment.

*Nuisance—Sentence—Costs.*

Where the officers of a borough are indicted and convicted of maintaining a nuisance, and sentenced to pay the costs and abate the nuisance, such of the offending officers as are out of office at the time of the sentence, are liable for the costs, although they are not in a position to comply with the rest of the sentence.

*Nuisance—Constable's return—Indictment—Pleading—Practice.*

Where a notice, signed by citizens of a borough, and requesting a constable to return a nuisance, is attached by the constable to his return, the notice is part of the return, and is sufficient to support an indictment.

Argued Oct. 8, 1894. Appeal, No. 287, Oct. T., 1894, by defendants, from judgment of Q. S. Armstrong Co., Sept. T., 1893, No. 88, on verdict of guilty. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Indictment for nuisance.

From the record it appeared that at June Term, 1893, the constable of the borough of Leechburg made return to the court of quarter sessions which was in part as follows :

" The undersigned, constable of the borough of Leechburg, in said county, respectfully makes return as follows :

" 16th Question : Any other violation of law ? *Answer :* Yes. See notice hereto attached."

To the return was an affidavit by the constable as to performance of his duties under the liquor license laws and that " there is no place where said laws are violated except such as are hereinbefore returned and that I do not know of any other violation."

The notice attached to the constable's return was as follows :

" N. K. COLLER, ESQ.,

" Constable, Leechburg, Pa.

" You will please make the following return to the next Court of Quarter Sessions of Armstrong County :

" That the sewer running from the north side of Main street, at the residence of John Taylor and the M. E. Church, and crossing said street and running west to Second street, thence south along Second street to the Kiskiminetas river, being partly covered and partly open, into which is dumped and drained all the filth and offal from a large area, and from water closets, etc., and is a veritable cess pool, disease and death breeder, and we believe has produced within the year, along its borders, 25 cases typhoid fever, 12 cases diphtheria and 7 deaths, and that the same is kept and maintained by the Borough Burgess and Council, namely : E. Bredin, Burgess ; J. C. Kirkpatrick, A. Hicks, Alex. Wilson, Isaac Milliken, John True, J. C. McGeary, Councilmen." With the names and occupation of 15 citizens appended.

An indictment based upon this return was prepared by the

district attorney, and the grand jury found a true bill against defendants.

Defendants moved to quash the indictment for the following reasons :

" 1. A municipal corporation cannot be indicted for maintaining a nuisance where said corporation is a borough, incorporated and acting under the general borough law of 1851."

" 2. The individual members of the town council and the burgess, cannot as such, be indicted for maintaining a nuisance which is maintained by the borough whose officers they are."

" 3. The alleged return of the constable upon which the indictment in this case is based is insufficient to sustain an indictment."

. The court overruled the motion to quash, and the case went to trial. The jury returned a verdict of guilty.

The court sentenced defendants " to pay the costs and abate the nuisance."

*Errors assigned* were (1–3) in overruling grounds for quashing indictment ; (4) sentence ; quoting reasons and sentence respectively.

*M. F. Leason,* for appellants.—Municipalities cannot be indicted for maintaining a nuisance : Del. Div. Canal Co. v. Com., 60 Pa. 371 ; Northern Cent. R. R. v. Com., 90 Pa. 305.

Where any person has the right to demand the exercise of a public function, and there is an officer or set of officers authorized to exercise that function, there the right and authority give rise to the duty; but where the right depends upon the grant of authority, and that authority is essentially discretionary, no legal duty is imposed : Rapho v. Moore, 68 Pa. 404 ; McDade v. Chester City, 117 Pa. 424; Dil. Mun. Corp. § 789.

Municipal officers are generally liable for indictment for misdemeanor in office ; the misdemeanor complained of, however, must be the individual act of the officer, and he is indicted as an individual and not as an officer.

The legislature confers certain powers and duties upon the municipal corporation of Leechburg borough and not upon any individual citizen therein ; a failure to perform these duties

must be charged to the corporation, and an indictment, if preferred, must be against the corporation by its corporate name: Com. v. Kinports, 12 Pa. C. C. R. 463; Com. v. Lansford Borough, 14 Pa. C. C. R. 376; Uniontown Borough v. Com., 34 Pa. 293.

The constable's return was insufficient to support an indictment: McCullough v. Com., 67 Pa. 30.

The present case violates the constitution: Art. 1, § 8.

*W. D. Patton, H. N. Snyder* with him, for appellee.—The argument that mandamus is the proper remedy is unfounded. This is a public wrong that we are trying to redress. Public nuisances are indictable only, not actionable: Rung v. Shoneberger, 2 Watts, 26; Mechling v. Bridge Co., 1 Grant, 416.

In all cases where duties of a public nature are imposed upon municipal corporations, such corporations are liable to indictment if they fail to discharge those duties according to law: 15 A. & E. Ency. L. 1196 and note 2, 1197 and note 1.

The borough authorities having once erected a sewer are liable like an individual for any negligent omission of duty: 6 A. & E. Ency. L. 24, 28; Angell & Ames, Corp. § 394.

When the injury is common to all the citizens, then the source of complaint becomes a common nuisance and the rule of law is clear that the remedy must be by indictment: Marriot v. Mayor, 66 Am. R. 331.

Defendants are indictable as the Burgess and Town Council of Leechburg Borough, giving the individual names of the Burgess and Town Councils: Act of March 22, 1850, P. L. 305; 2 Whart. Precedents for Indictments, 788; Edge v. Com., 7 Pa. 275.

A constable is bound to present to the term or last court all offences inquirable in those courts: 2 Hawk. P. C. 10, § 34 · McCullough v. Com., 67 Pa. 32; Davidson v. Com., 5 Cent. R. 484; Com. v. Green, 126 Pa. 531.

OPINION BY MR. CHIEF JUSTICE STERRETT, Jan. 7, 1895:

In the indictment before us the Burgess and Town Council of the Borough of Leechburg are charged in due form with maintaining a common nuisance, the nature and character of which are fully set forth in that instrument. As described in

the indictment, and by the first witness examined on the trial, the purposes for, and the manner in which, the sewer in question was used, and the filthy condition in which the defendants permitted it to remain, made it exceedingly offensive to everybody in the neighborhood and rendered it a veritable disease and death-breeding nuisance.

It is a mistake to suppose that the persons named in the indictment, as then being the burgess and councilmen of said borough, were indicted as individuals and not in their corporate capacity.

In 1850, the town of Leechburg was erected into a borough, by the name, style and title of the " Burgess and Town Council of the Borough of Leechburg: " Act March 22, 1850, P. L. 305.   In 1888, the borough accepted the provisions of the general borough act of 1851, the 13th section of which invests borough officers with the power " to prohibit and remove . . . . any nuisance or offensive matter, whether in the highways or in public or private grounds; " and section 17 of same act gives them power " to make such other regulations as may be necessary for the health and cleanliness of the borough."   It does not appear that any such regulations were ever made. The power to abate the nuisance complained of was therefore exclusively in the defendants; and on them, as burgess and councilmen of the borough, rested the public duty of abating it.   Their neglect to do so was a misdemeanor, punishable by indictment, etc.   It would be a bad state of affairs if the law were otherwise.   The principle is thus stated in Dillon on Municipal Corporations, sec. 932: " Corporations are generally regarded as indictable for misfeasance, as well as non-feasance, respecting duties of a public nature plainly enjoined by the legislature for the benefit of the public.   The modern view is to assimilate corporations, as to their duties and responsibilities, so far as possible, to individuals.   It is admitted that they cannot be indicted for felonies, but it is clear that they may be indicted for acts done to the injury and annoyance of the public, and which amount to a nuisance."   Where duties of a public nature are imposed upon municipal corporations, they are liable to indictment for neglecting to properly discharge such duties : 15 Am. & Eng. Enc. of Law, 1196, 1197, Wartman v. Philadelphia, 33 Pa. 202, 210.

The indictment was based upon the return made by the borough constable to the court of quarter sessions. It was his duty to make the return, and while it was informal, as many of such returns are, it was deemed sufficient by the court, and we are not prepared to say it was insufficient. It was made under oath and, in answer to the question: "Any other violation of law?" the constable's reply was: "Yes; see notice hereto attached." The notice being thus, in effect, made part of his return, the latter was sufficient to support the indictment.

There is no merit in the last specification of error. For aught that appears, the defendants were all in office when they were found guilty of maintaining the nuisance. If, as to some of them, their terms of office subsequently expired, it may be a sufficient reason why that part of the sentence,—requiring abatement of the nuisance,—cannot be enforced against them, but it is no good reason why they should not be compelled to comply with so much of the sentence as relates to payment of costs. The court below will see that no injustice is done either of them in that regard.

Neither of the assignments of error is sustained. They are all sufficiently technical, but lacking in merit.

Judgment affirmed with costs to be paid by appellants; and it is ordered that the record be remitted to the court below, to the end that the sentence (as far as practicable) may be enforced.