## Constables' Road Reports.

*Road law—Condition of roads—Constables' reports—Proceedings against supervisors—Jurisdiction of court—Acts of March 28, 1808, and July 14, 1917.*

1. A constable has a right, and it is his duty, to return to the court any roads in his district which are not in proper condition.

2. The court has no right to fine or imprison supervisors without a trial upon the return of a constable; but it may issue process based upon the constable's return to bring the offenders into court.

3. The remedy against the supervisors is by indictment or proceedings under the Acts of March 28, 1808, 4 Sm. Laws, 531, or July 14, 1917, P. L. 840.

Attorney-General's Department. Opinion to Hon. Joseph W. Hunter, Township Commissioner, State Highway Department.

BROWN, Dep. Att'y-Gen., Nov. 15, 1922.—Your letter of Oct. 19, 1922, asking to be advised upon the subject of the right of constables to report the

condition of roads to the county courts, and other matters contained in said letter, has been received by this department.

The questions embodied in your letter are taken up in the order in which they are stated in your communication.

1. Has the constable a right to report the condition of roads to the county courts?

There is no legislative enactment conferring upon constables this right, but fortunately the decisions of our courts are such that the question is not a doubtful one. It is a common law power and is in the nature of an official information against offenders.

"The office of constable is ancient, his duties important and powers large. His general duty is to keep the peace, and for this purpose he may arrest, imprison, break open doors, and the like, . . . and, what is more to our present purpose, he is *bound to present to the term or last court the offences* inquirable in those courts. Those are all common law powers, and the last, that of making a return, is in the nature of making an official information against the offenders; and besides being made under special oath at the time of the return, it is the equivalent of an oath and charge before a magistrate:" McCullough v. Com., 67 Pa. 30.

"The office is not a mere perfunctory one. They are not to sit still until by accident crime comes stalking past. Their duties are important and their powers are large. They must keep the peace. 'They are bound to present to the term or last court all offences inquirable in those courts.' Their returns are official information against the offenders, upon which indictments are confirmed and presented to the grand jury without a preliminary hearing. Such return is equivalent to an oath and charge before a magistrate:" In re Grand Jury, 4 Northamp. Co. Repr. 374.

"The neglect to keep in repair the public roads in any municipal district is a violation of public duty, and the person or municipal corporation charged with the duty is punishable by indictment at common law. . . . From time out of mind it has been the practice . . . for constables to return such public offences and for the court to permit the district attorney to send an indictment before the grand jury without a previous hearing before a committing magistrate:" Com. v. New Bethlehem Borough, 15 Pa. Superior Ct. 158.

"Where duties of a public nature are imposed upon municipal corporations, they are liable to indictment for neglecting to properly discharge such duties. . . . This indictment was based upon the return of the borough constable to the Court of Quarter Sessions. It was his duty to make the return:" Com. v. Bredin, Burgess, et al., 165 Pa. 224.

2. Has the judge a right to fine or imprison the supervisors on the constable's report?

Supervisors may be indicted for neglect and refusal to keep in repair a public road, so that its condition has become such as to amount to a public nuisance. The remedy by indictment, provided by the Act of March 28, 1808, 4 Sm. Laws, 531, has not been repealed or superseded by later acts or by the 240th section of the Act of July 14, 1917, P. L. 840. Or, supervisors may be proceeded against under the Act of 1917, section 240 of which provides: "Any township supervisor, township superintendent, road master or contractor employed to work on the roads, bridges and highways of any township of the second class, who shall violate any of the provisions of this act, other than those for the violation of which specific penalties are provided, or who shall fail, neglect or refuse to carry out the provisions of this act, shall, upon conviction before a justice of the peace, be sentenced to pay a fine of. not more

than fifty (50) dollars, to be collected in the name of the township as other debts of like amount are collected. All such fines shall be paid to the township treasurer for the use of the road fund."

3. Has the judge a right to send out a bench warrant by the sheriff and drag the supervisors into the presence of the court?

Speaking of the return of the constable to the court, it was said in Com. v. Doyle, 16 Pa. Superior Ct. 171: ". . . When there lodged, it is sufficient ground to authorize the court to issue process for the offender and to direct the district attorney to submit a bill to the grand jury."

"In this State the Court of Quarter Sessions, which is a court of record and has jurisdiction to try offenders, takes the place of all other courts at common law for the trial of ordinary offenders. The return to it is appropriate, and it becomes the duty of the court to take notice of the return. . . . We think it is sufficient ground to authorize the court to issue process to bring in the offender:" McCullough v. Com., 67 Pa. 30.

4. Has the judge a right to condemn and pass judgment without being heard before a jury?

This question is answered in what was stated in the second question, where the methods of proceeding against delinquent offenders are pointed out.

I am, therefore, of the opinion:

1. That a constable has a right, and it is his duty, to return to the court any roads in his district which are not in proper condition.

2. A judge has no right to fine or imprison supervisors upon the return of a constable. This can be done only by due process of law under the Act of March 28, 1808, 4 Sm. Laws. 531, by indictment.

3. The court has a right to issue process, based upon the constable's return, to bring the offenders into court.

4. The court has not a right to fine supervisors guilty of neglect of duty without a trial.

From Guy H. Davies, Harrisburg, Pa.