**CITY OF UVALDE et al. v. UVALDE ELECTRIC & ICE CO.    (No. 345—3723.)**

(Commission of Appeals of Texas, Section B. April 18, 1923.)

**1. Municipal corporations ⬥58—Governmental powers strictly limited by statute.**

Governmental powers of a municipal corporation are strictly limited by the statutory provisions granting them, and in their exercise the municipality is an arm of sovereignty.

**2. Municipal corporations ⬥57—Must exercise governmental powers.**

A municipality must perform its governmental functions and has no discretion to exercise or ignore governmental powers and duties at its option.

**3. Electricity ⬥11—City without power to fix electric light rates by contract.**

The power of a city chartered under Rev. St. arts. 1033–1069, to regulate rates under article 1018 to be charged for electric lights for the use either of the municipality or of the inhabitants is a governmental power which could not be surrendered or suspended by a contract between the city and a public service company; hence a 10-year contract between the city and the company fixing the rates to be charged was void, being neither expressly nor impliedly authorized by law.

**4. Municipal corporations ⬥619—Power to contract for utility rates must be expressly granted.**

The Legislature may expressly authorize municipal corporations to enter into contracts prescribing rates to be charged by utility corporations for a specified time, which contracts, when made, have the effect of suspending during their duration the governmental power of the municipality to regulate such rates, but, for a contract to have that effect, the authority to make it must be clear and unmistakable, and all doubts must be resolved against the authority of the municipality to make such contract.

**5. Municipal corporations ⬥58—Permissive provisions construed as mandatory where public body given power to do acts affecting public interest.**

When a municipality is clothed by statute with power to do an act which concerns the public interest, or the right of third persons, the execution of the power may be insisted on as a duty, though the statute creating it be only permissive in its terms.

Appeal from Court of Civil Appeals of Fourth Supreme Judicial District.

Injunction by the City of Uvalde and others against the Uvalde Electric & Ice Company to restrain the defendant from increasing electric light rates. From a judgment of the Court of Civil Appeals (235 S. W. 625) affirming a judgment sustaining a general demurrer to the petition, plaintiffs bring error. Affirmed.

Martin & Martin, Love & Smith, and L. Old, all of Uvalde, for plaintiffs in error.

G. B. Fenley, of Uvalde, and Templeton, Brooks, Napier & Brown, of San Antonio, for defendant in error.

HAMILTON, J. The city of Uvalde, a municipal corporation, Jake Schwartz, D. W. Barnhill, and Eugene Kincaid, citizens of Uvalde, brought suit against defendant in error for injunction restraining it from raising the rates for lights, alleging that the city and the company entered into a contract in 1917, many years after the company had been doing business in the city, by the terms of which the city agreed, for a term of 10 years, to pay the company the prices per kilowatt stipulated in the contract for street lighting, and the company agreed, for the same term, to charge the inhabitants the prices per kilowatt named therein for the citizens; that the contract was in the form of an ordinance, accepted by defendant in error, providing that, unless a reduction from the prices then being charged to the prices stipulated in the ordinance should be made by the company, the contract would cease to exist; that the company reduced the rates in conformity with the contract and supplied lights according to its terms until March, 1921, when the company raised its prices to the rates sought to be enjoined. The trial court sustained a general demurrer to the petition. Upon appeal the Court of Civil Appeals affirmed the trial court's judgment. 235 S. W. 625.

The city of Uvalde was incorporated under the general laws of the state, Revised Civil Statutes 1911, tit. 22, c. 14.

The questions involved are whether or not the ordinance relied on and its acceptance by the company was sufficient to constitute a contract, and whether, in any event, the city of Uvalde was authorized and empowered to make a contract for lights.

We pretermit the first question and approach the second, for, if the city was without power to make a contract for lights, no ordinance and its acceptance, whatever its form and contents might have been, could have constituted a contract.

The ordinance and its acceptance, in this case, had no relation to the granting of a franchise for the construction and installation of an electric lighting system. The franchise for the construction of the light system had been granted and plaintiff had been supplying light many years before the alleged contract involved in this case was made. Therefore no question arising out of an agreement or contract for rates to secure the installation of a light plant and system prior to its construction and for the purpose of securing its construction is involved here.

By article 1018, Revised Civil Statutes of Texas 1911, the city councils of cities of the

class of Uvalde are authorized to regulate the rates to be charged by light companies engaged in furnishing light to the public with the restriction that the city council or board of aldermen shall not prescribe any rate or compensation which will yield less than 10 per cent. per annum on the actual cost of the physical properties, equipments and betterments.

[1] The functions of municipal corporations, though all of them are of a public nature, may be divided into two great classes according to the purpose and nature of the function or act. They are either governmental functions performed by virtue of power conferred upon the municipality as a legal agency of the state to be exercised in the administration of affairs affecting the people generally or proprietary business powers granted for the special benefit of the urban community embraced within the corporate boundaries. Pond, Public Utilities, §§ 3–7; .28 Cyc. p. 267, and authorities cited there. Those functions of a municipal corporation in its capacity as an agent of the state are strictly limited by the statutory provisions granting them. In the exercise of these functions the municipality is an arm of sovereignty, and its powers are strictly construed.

[2] This class of functions the city must perform. The city has no option. They are not to be exercised or ignored by the municipality at discretion. Anne Arundel County v. Duckett, 20 Md. 468, 83 Am. Dec. 557; Allegany County Public Schools v. Allegany County Commissioners, 20 Md. 449. Such functions are legal duties imposed by the state upon its creature. These duties the municipality may not omit with impunity, but must perform at its peril. Hill v. Boston, 122 Mass. 344, 23 Am. Rep. 332; Chattanooga v. State, 5 Sneed (Tenn.) 578; Com. v. Hopkinsville, 7 B. Mon. (Ky.) 38; People v. Albany Corp., 11 Wend. (N. Y.) 539, 27 Am. Dec. 95; Com. v. Bredin, 165 Pa. 224, 30 Atl. 921.

[3] The other class of functions is imperative in part and discretionary in part. The making of rate contracts with public utilities where the city has the power to make contracts for such purposes is within the discretion of the municipality, unless expressly directed by statute or charter to do so. The statutes of Texas under which the city of Uvalde was incorporated not only do not direct any such contracts to be made, but do not even authorize a municipality to make a contract stipulating the rate for electric lights for the use either of the municipality or of the inhabitants. The power of the city to regulate rates is governmental. City of Bessemer v. Bessemer City Waterworks, 152 Ala. 391, 44 So. 663; Home Telephone Co. v. Los Angeles, 211 U. S. 267, 29 Sup. Ct. 50, 53 L. Ed. 176.

Then did the city of Uvalde have the power by contract to bind itself and its inhabitants to pay a stipulated rate for electricity for lighting purposes for 10 years, as it here insists it has done, thereby suspending the operation of the statute which declares it shall have power to regulate, by ordinance, the rates and compensation to be charged by all water, gas, light, and sewer companies engaged in furnishing water, gas, light, or sewerage service to the public? In other words, could the city of Uvalde surrender or barter away its power to regulate light rates by a contract suspending the exercise of that power? Since the statutes give the city no express power to contract with respect to rates for lights, whatever power, if any, it has so to contract must arise from implication. Then the question is whether or not the city has the implied power, by contract, to surrender or suspend the power by ordinance expressly conferred by statute to regulate the rates. It is insisted by plaintiff in error that the city had the implied power to make the contract, and that this power is sufficient. We do not agree that there was in the city such implied power. We think the city did not have implied power to make a contract for light rates. The grant of power by the Legislature to the city to regulate those rates was an exclusion of the power to make a contract for light rates that would suppress or suspend the expressly granted power to regulate.

The power to regulate rates and the power to stipulate by contract for a term of 10 years for rates cannot coexist. If the city has the power thus to contract, then it has not the power so to regulate during the term of the contract.

[4] The rule has been established by the courts that the Legislature may by express words authorize municipal corporations to enter into contracts prescribing the rates that may be charged by public utility corporations for a defined time, and that such contracts do have the effect of suspending, during the life of the contract, the governmental power of regulating such rates. City of Bessemer v. Bessemer City Waterworks, supra; Crosby v. City Council of Montgomery, 108 Ala. 498, 18 South. 723; Pingree v. Michigan Central R. Co., 118 Mich. 314, 76 N. W. 635, 53 L. R. A. 274; New Orleans Gas Co. v. Louisiana Light & Heat Co., 115 U. S. 650, 6 Sup. Ct. 252, 29 L. Ed. 516; Walla Walla v. Walla Walla Water Co., 172 U. S. 7, 19 Sup. Ct. 77, 43 L. Ed. 341; Detroit v. Detroit Citizens' St. Ry. Co., 184 U. S. 368, 382, 22 Sup. Ct. 410, 46 L. Ed. 592; Vicksburg v. Vicksburg Waterworks Co., 206 U. S. 496, 508, 27 Sup. Ct. 762, 51 L. Ed. 1155; Omaha Water Co. v. City of Omaha, 147 Fed. 1, 77 C. C. A. 267, 12 L. R. A. (N. S.) 736, 8 Ann. Cas. 614. But for a contract to have that effect the authority to make it must be clear and unmistakable. All doubts must be resolved against the municipality's authority to make such a contract and in favor of the continu-

ance of its governmental power. San Antonio Traction Co, v. Altgelt (Tex. Civ. App.) 81 S. W. 106; Id., 200 U. S. 304, 26 Sup. Ct. 261, 50 L. Ed. 491; City of San Antonio v. San Antonio Public Service Co., 255 U. S. 777, 41 Sup. Ct. 428, 65 L. Ed. 777; Knoxville v. Knoxville Water Co., 107 Tenn. 647, 64 S. W. 1075, 61 L. R. A. 888; Vicksburg, etc., R. Co. v. Dennis, 116 U. S. 665, 6 Sup. Ct. 625, 29 L. Ed. 770; Freeport Water Co. v. Freeport, 180 U. S. 587, 599, 611, 21 Sup. Ct. 493, 45 L. Ed. 679; Metropolitan Street Car Co. v. State Board of Tax Com'rs, 199 U. S. 1, 25 Sup. Ct. 705, 50 L. Ed. 65; 4 Ann. Cas. 381; Home Telephone Co. v. Los Angeles, supra.

The authority of the city of Uvalde to make a contract stipulating rates for lights not only does not "clearly and unmistakably appear" in this case, but it has no such power unless by implication. We have held above that the city did not have implied power to make such a contract, and therefore hold that it has no power whatever to make such a contract. The power to regulate rates granted to the city by the Legislature imposed a duty upon the city to exercise that power, and was of such a fiduciary nature that it could not be surrendered or put in abeyance. The language of the statute is:

"The city council of all cities and towns in the state of Texas of over two thousand inhabitants shall have the power to regulate * * * the rates. * * *"

In the case of Mason v. Fearson, 9 How. 248, 259, 13 L. Ed. 125, the Supreme Court of the United States, discussing whether or not the effect of a statute was compulsory or discretionary, said:

"Whenever it is provided that a corporation or officer 'may' act in a certain way, or it 'shall be lawful' for them to act in a certain way, it may be insisted on as a duty for them to act so, if the matter, as here, is devolved on a public officer, and relates to the public or third persons.

"Thus in Rex and Regina v. Barlow, 2 Salkeld, 609: 'Where a statute directs the doing of a thing for the sake of justice or the public good, the word "may" is the same as the word "shall"'; thus 23 Hen. 6, says the sheriff may take bail; this is construed he shall, for he is compellable so to do.' Carthew, 293.

"On this see, further, The King v. The Inhabitants of Derby, Skinner, 370; Backwell's Case, 1 Vernon, 152-154; 2 Chitty, 251; Dwarris on Stat. 712; Newburgh T. Co. v. Miller, 5 Johns. Ch. 113; City of New York v. Furze, 3 Hill, 612, 614; Minor et al. v. Mechanics' Bank, 1 Peters, 64. Without going into more details, these cases fully sustain the doctrine that what a public corporation or officer is empowered to do for others, and it is beneficial to them to have done, the law holds he ought to do. The power is conferred for their benefit, not his; and the intent of the Legislature, which is the test in these cases, seems under such circumstances to have been 'to impose a positive and absolute duty.' But, under other circumstances, where the act to be done affects no third persons, and is not clearly beneficial to them or the public, the words 'may' do an act, or it is 'lawful' to do it, do not mean 'must,' but rather indicate an intent in the Legislature to confer a discretionary power. Malcom v. Rogers, 5 Cowen, 88; 1 Peters, 64; 5 Johns. Ch. 113."

[5] When a public body or officer is clothed by statute with power to do an act which concerns the public interest, or the right of third persons, the execution of the power may be insisted on as a duty, though the statute creating it be only permissive in its terms. City of Logansport v. Wright, 25 Ind. 512. To the same effect are the holdings in Vason v. Augusta, 38 Ga. 542; Ottawa v. People, 48 Ill. 233; People v. Police Board, 75 N. Y. 38; City of N. Y. v. Furze, 3 Hill (N. Y.) 612; Newburgh Turnpike Co. v. Miller, 5 Johns. Ch. (N. Y.) 101, 9 Am. Dec. 274.

We recommend that the judgments of the trial court and the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.