## Commonwealth v. Spencer

*Richard B. Russell,* for Commonwealth.

*Howard G. Stutzman,* for defendants.

CURRAN, P. J., February 19, 1968.—The District Attorney's office of Schuylkill County, through the then District Attorney, Harry W. Lightstone, made application, February 23, 1966, for leave to present a district attorney's bill of indictment to the grand jury, which was then in session.

The request of the district attorney was granted, and the district attorney's bill was presented to the grand jury without prior notice to defendants, the issuance of a summons or warrant of arrest.

The grand jury considering the district attorney's bill found indictments to March term, 1966 no. 286 and no. 286A. Thereafter, a capias was served on defendants the same day, February 23, 1966, and defendants were brought before the court, and after a preliminary hearing, were admitted to bail.

Defendants filed the following motions on April 1, 1966:

1. Motion to quash the indictments;

2. Motion to quash the capias and discharge defendants from bail; and

3. Motion to suppress the evidence obtained by the search warrant.

By stipulation at the time of argument, the matter was limited to the first of the motions, to wit: mo-

tion to quash the indictments, with the understanding that the remaining two motions might be disposed of by the court at the time of trial.

The district attorney filed an answer to defendants' pretrial motions, and in answer admitted the procedure followed as to the indictments and requested the court to dismiss defendants' motions.

The basis of defendants' motion to quash the indictment is based on an interpretation of the Pennsylvania Rules of Criminal Procedure (effective January 1, 1965, Rule 102). Pa. R. Crim. P. 102 provides:

"Except as otherwise provided in these rules, all proceedings shall be initiated by a written complaint, sworn to or affirmed, and subscribed by an affiant".

The issue here turns upon the interpretation of the foregoing rule and the determination whether Pa. R. Crim. P. 102, supra, abolishes the procedure of presentation to the grand jury by the district attorney's bill. First, the petition of the district attorney actually sets forth a written complaint sworn to by the district attorney and subscribed by the district attorney as the affiant; so that it might well be decided that the district attorney's petition for allowance to present a district attorney's bill to the grand jury satisfies Pa. R. Crim. P. 102.

However, the matter of the presentation of the district attorney's bill is a long established and an ancient right in the criminal law of the Commonwealth of Pennsylvania. Before the court could determine that the Pennsylvania Rules of Criminal Procedure abolish such a procedure, it would have to be satisfied that the rules specifically intend to abolish this method of procedure in criminal matters.

Under the Act of May 3, 1850, the district attorney of the county had the power, under authority previously given to deputies attorney general, to prefer an indictment before a grand jury without a previous

commitment of the accused, provided this power was exercised under the supervision of the proper court of criminal jurisdiction and its employment justified by some pressing and adequate necessity: Rowland v. The Commonwealth, 82 Pa. 405 (1876).

The procedure was questioned in McCullough v. The Commonwealth, 67 Pa. 30, 33, wherein the court stated:

". . . In view of these important duties and authorities we cannot hold that the return of the constable was nugatory, because no special duty is imposed by the Act of 8th April 1854. On the contrary, we think it was a sufficient ground to authorize the court to issue process to bring in the offender, and to direct the district attorney to send up a bill to the grand jury. Nor do we think there was any want of power in the court to direct a bill, or in the district attorney to send up a bill for the offence so returned. It has never been thought that the 9th section of the 9th article of the Constitution, commonly called the Bill of Rights, prohibits all modes of originating a criminal charge against offenders, except that by a prosecution before a committing magistrate. Had it been so thought, the court, the attorney-general, and the grand jury would have been stripped of powers universally conceded to them. In that event the court could give no offence in charge to the grand jury, the attorney-general could send up no bill, and the grand jury could make no presentment of their own knowledge, but all prosecutions would have to pass first through the hands of inferior magistrates; . . ."

In Commonwealth v. O'Brien, 181 Pa. Superior Ct. 382, 124 A. 2d 666 (1956), Judge Woodside in an exhaustive and able opinion traces the history of the district attorney's bill of indictment and the right of a defendant to a preliminary hearing. The court concludes that a preliminary hearing is a creature of stat-

utes. In that opinion, the court reviewed the decisions affecting the procedure up to date of the decision of the Superior Court (1956). We know of no change in the law which would render the law set forth in that case void or changed. It controls the proceeding before us.

Defendants relied on the case of Commonwealth v. Dessus, 423 Pa. 177, 224 A. 2d 188 (1966), for the proposition that defendants had the right to challenge the array of the grand jury. This court accepts the decision of the appellate court as set forth in Dessus, supra. There is no factual analogy to the case at bar since the Dessus case was not presented to the grand jury on a district attorney's bill.

The only other case in which the matter might have been taken into consideration was the case of Commonwealth v. Cohen, 203 Pa. Superior Ct. 34, 199 A. 2d 139, (1964). This case was decided on March 19, 1964, and before the effective date of the Pennsylvania Rules of Criminal Procedure. It does not appear that the validity of the district attorney's bill or the right of the district attorney to proceed by petition and district attorney's bill was raised. The case was appealed to the United States Supreme Court, and the certiorari was denied.

We are satisfied that the district attorney's bill of indictment was not abolished by the recent change of the Pennsylvania Rules of Criminal Procedure and specifically not by Pa. R. Crim. P. 102. Such a change made in the procedure would necessarily be explicit, not by inference or implication.

As to defendants' contention that the district attorney's petition was not presented upon facts that would support the issuance of the district attorney's bill to the grand jury, we find the same to be without merit. In the petition, the district attorney alleges that several witnesses would likely disappear or

fail to cooperate at the time of trial. He further recited the allegation of the commission of a crime of a serious nature and the steps taken by him and the Commonwealth officers in attempting to bring to the bar defendants involved in the alleged crimes. An examination of the petition clearly indicates the urgency was of such nature as to warrant the granting of the district attorney's petition, and the procedure taken thereafter was in accordance with the law.

And now, February 19, 1968, defendants' motion to quash the indictments to March term, 1966, no. 286, March term, 1966, no. 286A, be and the same are hereby denied.