

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 23, 1971

Honorable Menton J. Murray
Chairman, Higher Education
House of Representatives
Austin, Texas   78711

Opinion No. M-818

Re:   Validity of House Bill 487
of the 62nd Leg., R.S. 1971,
authorizing the governing
body of certain state-supported
colleges and universities to
close streets and alleys run-
ning through the campus.

Dear Representative Murray:

You have requested our opinion on the validity of House
Bill 487 of the 62nd Legislature, R.S. 1971.  Section 1 of House
Bill 487 provides:

"Section 1.   The governing body of a state-
supported college or university in a county having
a population in excess of 1,500,000 may vacate,
abandon, and close a street or alley running
through the campus, if the state-supported college
or university owns all of the real property abutting
the street or alley."

Apparently, the effect of the Act would be to provide
an additional method of closing streets or alleys, as provided,
and being a later law, would amend Articles 1019 and 1020,
Vernon's Civil Statutes, to the extent of any conflict.

Section 48 of Article III of the Constitution of Texas
authorizes the Legislature to establish colleges and universities
and support them out of the general revenue.  Attorney General's
Opinion V-818 (1949).  In Mumme v. Marrs, 120 Tex. 383, 40 S.W.2d
31 (1931), the Supreme Court held:

"The history of educational legislation in
this State shows that the provisions of Article
VII, the educational article of the Constitution,
have never been regarded as limitations by impli-
cation on the general power of the Legislature to
pass laws upon the subject of education.  This
article discloses a well considered purpose on the

-3964-

part of those who framed it to bring about the
establishment and maintenance of a comprehensive
system of public education, consisting of a general
public free school system and a system of higher
education.  Three institutions of higher learning
were expressly provided for . . .  The Legislature,
however, has gone far beyond the creation of the
three institutions of higher learning specifically
required by the organic law, and has created ten
additional institutions of a similar character
without direct constitutional grant, beginning with
the Sam Houston Normal in Huntsville in 1879 . . .
In founding these ten institutions, beginning more
than fifty years ago, the Legislature has necessarily
held that the specific grants of power contained in
the Constitution to erect and maintain The University
of Texas . . . were not limitations on its power to
create other schools of similar purpose, and to main-
tain them by appropriations from the General Revenue.
This interpretation has never been questioned, and
is consistent with authorities from other jurisdic-
tions . . ."

It is thus seen that the Legislature has the consti-
tutional power to establish colleges and universities in ad-
dition to those provided for in Article VII of the Constitution
of Texas, and the Legislature has the constitutional power to
provide for the administration of such colleges and universities.
See Foley v. Benedict, 122 Tex. 193, 55 S.W.2d 805 (1932);
Heaton v. Bristol, 317 S.W.2d 86 (Tex.Civ.App. 1958, error ref.,
cert.den. appeal dism. 359 U.S. 230); Attorney General's
Opinion C-525 (1965).

Therefore you are advised that the provisions of House
Bill 487 are a constitutional and valid exercise of legislative
power.

Your request is specifically concerned with whether the
provisions are an unlawful encroachment of the city's power to
enact ordinances regulating streets within their corporate limits.
In this connection, it is well recognized that the governmental
powers of municipal corporations are strictly limited by statutory
provisions granting them.  City of Uvalde v. Uvalde Electric and
Ice Co., 250 S.W. 140 (Tex.Comm.App. 1923); San Antonio Independent
School District v. Water Works Board of Trustees, 120 S.W.2d 861
(Tex.Civ.App. 1938).  Thus, charter powers while plenary are subject

to the limitation that its charter and ordinances shall contain nothing inconsistent with state and federal constitutions or general laws enacted by the Legislature. Wagstaff v. City of Groves, 419 S.W.2d 441 (Tex.Civ.App. 1967, error ref. n.r.e.).

## S U M M A R Y

House Bill 487 of the 62nd Legislature, R.S. 1971, authorizing certain state-supported colleges and universities to close a street or alley running through the campus would be a valid and constitutional law.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

By Nola White
Nola White
First Assistant

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Houghton Brownlee
Gordon Cass
Bob Lattimore
A. J. Gallerano

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant