

# The Attorney General of Texas

September 23, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Harvey Davis
Executive Director
Texas Department of Water Resources
1700 N. Congress Avenue
Austin, Texas

Opinion No. MW-246

Re: Disposition of bond proceeds from sale of Texas Water Development Board bonds.

Dear Mr. Davis:

You have requested our opinion in answer to two questions relating to appropriate accounting for proceeds from various transactions accruing to the Department of Water Resources. Your first question is:

> 1. How should the Texas Water Development Board account for the bond proceeds and related bond sale expenses when it sells Texas Water Development Bonds under the provisions of Article III, §§ 49-c, 49-d and 49-d-1 of the Texas Constitution and Sections 17.072(b), 17.075 and 17.077 of the Texas Water Code?

You cite the disparity in language between article III, section 49-c of the Texas Constitution, where "all moneys received from the sale of State bonds" are required to be deposited in the Texas Water Development Fund, and the other relevant provisions (article III, §§ 49-d, 49-d-1 of the Texas Constitution and §§ 17.072(b), 17.075 and 17.077 of the Texas Code), where "all proceeds" are required to be deposited in the Fund. Our reading of the constitutional and statutory provisions involved indicates that "moneys" and "proceeds" are used interchangeably. See, e.g., Tex. Const. art. III, § 49 d (reference is to proceeds from the sale of bonds authorized under § 49-c rather than moneys from such sale).

Moneys as used in article III, section 49-b, of the Texas Constitution (Veteran's Land Board) is defined within the constitutional provision as:

> ... moneys attributable to any bonds heretofore or hereafter issued and sold by said Board which moneys so attributable shall include but shall not be limited to the proceeds from the issuance and sale of such bonds. (Emphasis added).

Moneys and proceeds are thus distinguished in this particular article of the constitution, and all of these funds are commanded to be placed in the Veteran's Land Fund. Then bond sale expenses are directed to be paid from that fund.

Article III, section 49—e of the Texas Constitution governing the Texas Park Development Fund uses the same language as section 49—c of the Texas Constitution. However, section 21.102, Texas Parks and Wildlife Code, the enabling legislation passed pursuant to article III, section 49—e of the Texas Constitution directs that bond sale expenses shall be paid out of the Park Development Fund.  This particular legislation, which employs the word proceeds, appears to define proceeds as the gross amount realized from the sale of bonds, whereas the above-referenced Veteran's Land Board provision in the constitution clearly recognizes proceeds as the net amount realized from the sale of bonds but directs that all "moneys attributable to the sale of bonds", i.e., the gross amount realized from the sale, be placed in the Veteran's Land Fund.

As you note, the Water Development Board is in a position more nearly akin to that of the Coordinating Board, Texas College and University System.  Neither your enabling legislation nor that of the Coordinating Board, nor the underlying constitutional provisions, attempt to define moneys or proceeds.  Absent a clear legislative or constitutional mandate to the contrary, it is our opinion that you may pay bond sale expenses in any manner consistent with sound accounting and fiscal practice.  There is no statutory or constitutional prohibition against paying said expenses from the Water Development Fund or, in the alternative, paying the expenses from a separate account maintained for that purpose alone.

As to your question concerning the payment of bond sale expenses from moneys attributable to the issue and sale of the bonds, those moneys are the appropriate source for such payment.  A state agency has those powers expressly granted and those powers necessarily implied from the express grant.  See City of Uvalde v. Uvalde Electric & Ice Co., 235 S.W. 625 (Tex. Civ. App. - San Antonio 1921), affd, 250 S.W. 140 (Tex. Comm'n App. 1923), citing Dillon, Municipal Corporations §§ 237, 238 and 239.  The power to issue and sell bonds expressly granted to the Water Development Board necessarily implies the power to pay the expenses pertaining to such issue and sale.  Bond sale expenses are historically a charge on gross moneys obtained from the sale of bonds, leaving a net amount more properly referred to as proceeds.  Such expenses would hardly be within the contemplation of the legislature should it appropriate for administrative expenses (as it is authorized, though not commanded, to do by article III, § 49—c of the Texas Constitution).  Absent express legislation to the contrary, the logical source for payment of bond sale expenses is the gross amount realized from the sale of bonds.

Your second question is:

> 2.   Should the provisions of Section 17.077 of the Texas Water Code apply to proceeds from the liquidation of temporary investments in the Development Fund, the refunding of political subdivision bonds purchased by the Board and the prepayment of such bonds?

Section 17.077 of the Texas Water Code provides:

> Except for proceeds from the sale of bonds and proceeds from the sale of bonds of political subdivisions as provided by Sections 17.134

and 17.180 of this code, all money received by the board in any fiscal year, including all amounts received as repayments of loans to political subdivisions and interest on those loans, shall be credited to the clearance fund. . . .

You state that it is the practice of the board to temporarily invest bond proceeds in Treasury notes until the former are made available to the political subdivision and express concern that a literal reading of section 17.077 would necessitate deposit of proceeds from the liquidation of Treasury notes in the clearance fund. We have no difficulty in viewing the Treasury notes purchased from bond sale proceeds and the funds obtained from liquidating the same as proceeds from the sale of bonds. There is a change of form, not substance. Naturally, from this viewpoint the liquidation of temporary investments is exempted from section 17.077 by the terms of the statute.

The same line of reasoning applies with even more force to the issue of moneys transferred in refunding bonds. The change is one of form, not substance. Thus, if the underlying obligation was not subject to section 17.077, moneys changing hands to refund the underlying obligation are likewise exempt. See 47 Tex. Jur. 2d Public Securities and Obligations §33.

As to prepayment of bond issues by political subdivisions with money obtained by said subdivision from a source unrelated to the Development Board, the situation is complicated by the express language of section 17.077, ". . . including all amounts received as repayment of loans to political subdivisions. . . ." The substance of the prepayment of a bond issue is, after all, the repayment of a loan. However, we feel that the section 17.077 language refers to direct loans as authorized by section 17.230 of the Texas Water Code, and repayment of bonded indebtedness at maturity, since to construe section 17.077 otherwise would defeat the purpose of the original sale of Texas Water Development Bonds, and in fact, would defeat the entire purpose of the act itself. We do not think the prepayment of bonded indebtedness was within the contemplation of the legislature when it enacted section 17.077.

## S U M M A R Y

The Water Development Board is empowered to pay bond sale expenses from gross revenues accruing from the sale of the issue. The requirements of section 17.077 of the Texas Water Code should not be construed to encompass proceeds from the liquidation of temporary investments in the Development Fund, the refunding of political subdivision bonds purchased by the board or the prepayment of such political subdivision bonds.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

Prepared by Susan Voss
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Bob Gammage
Susan Garrison
Susan Voss